## HYBART v. JONES.

(Filed April 22, 1902.)

DOWER—*Waste—Heirs—Counter-claim—The Code, Sec. 629.*

In a suit by a widow against the heirs to recover payments al-
lotted to her as dower and made a charge on the land, the
heirs can not set up by way of counter-claim damages for
waste committed by the widow, but must proceed under the
statute.

ACTION by Delia J. Hybart against Eliza A. Jones and
others, heard by Judge *W. S. O'B. Robinson,* at February
Term, 1902, of the Superior Court of CUMBERLAND County.
From a judgment for the defendants, the plaintiff appealed.

*Sinclair & Bolton,* and *T. H. Sutton,* for the plaintiff.
*J. W. Hinsdale & Son,* for the defendants.

MONTGOMERY, J.   The dower of the plaintiff was allotted
to her in 1889, in proceedings *ex parte* by her and the heirs-
at-law of her deceased husband.   The commissioners, in their
report, allotted to her a small farm of her husband, and, to
make up her full dower, further charged upon the balance of
the real estate of her husband the payment of all the taxes
to become due on the entire estate and the payment to her of
five dollars per month, to be a charge on certain store-houses
belonging to the estate.   The defendants, the heirs-at-law,
are now non-residents of the State of North Carolina.

The monthly payments were made regularly for some time,
but for nearly two years past nothing has been paid on that
score, and this action was brought to subject the realty in
the possession of the heirs to the payment of the amount due.
There was a prayer for a receiver to take possession of the
property, for the purpose of renting it and applying the

rents to the amount due, and also to those amounts which may become due in the future during the life of the plaintiff.

In their answer, the defendants set up a counter-claim, in the nature of damages for alleged waste committed by the plaintiff on the premises allotted her as dower. There was a demurrer on the part of the plaintiff, which being overruled by the Court the plaintiff appealed.

We think the demurrer should have been sustained. The manner of the allotment of dower was unusual, but, as all the parties interested were satisfied with it, we will not disturb it. The amount charged monthly on the store-houses to make up the deficiency in dower is in reality as much a part of the estate in dower as the land which she was put in possession of; and we think the heirs-at-law, who are in possession of the store-houses upon which the monthly payments are charged, should promptly pay the same under the provisions of the allotment. If waste has been committed by the plaintiff, they have their remedy under Section 629 of The Code. *Sherrill v. Conner,* 107 N. C., 543.

The widow's right to her dower in the manner and form as it was allotted should not be contested under the plea that she has committed waste on a part of the dower premises.

We are not deciding this case on the question whether or not the counter-claim, as set up in the answer, is strictly a counter-claim under The Code, but upon the ground that a sound public policy will not permit any claim of the heir-at-law for waste against a widow to be made, except in proceedings in an action instituted for that purpose under the statute. Code, Sec. 629. Judgment should have been rendered for the plaintiff according to the prayer of the complaint. Probably it would be best to provide, in the judgment, that unless the amount due to the plaintiff should be paid within a reasonable time, to be determined by the Court, then that the receiver should proceed under the judgment. This is merely a suggestion to the Court below, to be followed or not

as may appear best under facts that may be brought to the attention of his Honor who may preside.

Error.