No. 9480.

COOK v. LEGGETT ET AL.

DEED.—*Title in Fee.*—*Condition Subsequent.*—A conveyance of lands to a church generally, specifying no use or condition, passes an absolute title in fee simple, which is not forfeited by ceasing to use the property for religious purposes.

From the Madison Circuit Court.

*F. S. Ellison, W. R. Pierse* and *C. B. Gerard,* for appellant.
*C. D. Thompson,* for appellees.

FRANKLIN, C.—Appellant brought this action against appellees to recover the possession of certain real estate which had been previously conveyed by the ancestor of appellant's grantors to the Stony Creek Missionary Baptist Church. The case was tried by the court, and, at the request of the plaintiff, the court made a special finding of the facts, and stated its conclusions of law. Appellant excepted to the conclusions of law, and has assigned in this court error in overruling the exception, which is the only question presented. The facts found by the court are substantially as follows:

William A. Aldred was the owner in fee simple of lots Nos. 5 and 6, in block 8, in Fishersburg, Madison county, Indiana, in 1855, and then conveyed the same by deed "to the Stony Creek Missionary Baptist Church, and to their successors of the same name and order forever;" that shortly after said conveyance the church erected a meeting-house thereon, and continued to occupy it for worship for four or five years, when the church ceased to use it as a meeting-house, and ceased to exist as a church, and one of the trustees surrendered to another trustee (Martin Gross) all the books, minutes and papers of said church, since which time the said Gross and his heirs have had the oversight and possession of the premises, except a few times and at short periods, the son of Martin Gross having had continuous possession for the eight years previous; that the building for more than twenty years

prior to the commencement of this suit had been used for secular purposes; that in February, 1881, the heirs of said Aldred conveyed said lots to appellant; she demanded possession, was refused, and commenced this suit in March following.

Upon these facts the court stated as a conclusion of law, that the plaintiff was not entitled to recover the possession of the premises, and found for the defendants.

It is insisted by appellant that when the premises ceased to be used for church purposes the title in the church to the lots was forfeited, and reverted to the original grantor or his heirs; and in support thereof we are referred to the case of *Scott* v. *Stipe*, 12 Ind. 74. In that case the consideration of the deed was expressed to be " the respect the grantors have for the institution of Christianity, and that the said Bethel Church may have a suitable place for erecting a house of worship." And the deed further recited that "it is understood to be a part of the agreement between the parties, that at any time when the house which may be erected on said tract of land shall not be occupied by the Presbyterians, any minister of the gospel, of the Baptist or Methodist churches, shall have the privilege of using it as a house of worship; and also, if the neighborhood around should wish to build a school-house on said lot, the privilege shall be granted."

The grant was " to the use of the said trustees of the Bethel church, and their successors in office forever." Upon this conveyance, this court held that the members of the Bethel church might have caused a transfer of the property to be restrained by injunction, and that the grant was not only in trust, but " it was also upon a condition subsequent that a church should, within a reasonable time, be erected upon the lot, and forever thereafter be used as a house of worship, pursuant to the intention of the grantor."

There, the use to which the property should be applied was specified, and a condition subsequent constituted a part of the deed. In the case under consideration, there are no uses

specified to which the property shall be applied, and there is no condition subsequent contained in the deed. It is absolute, unlimited by uses or conditions. Mr. Aldred, the original grantor, parted without reserve with all the title and interest he had in and to the premises, after which his heirs could inherit in the premises no title or interest whatever, and they could convey to appellant no greater' title or interest than they held.

It is a well settled principle of the law, that the plaintiff in ejectment can only recover upon the strength of his own title, and not upon the weakness of his adversary's title; and, as this plaintiff acquired no title by the deed to her, she had no cause of action against appellees.

The court below did not err in its conclusion of law, and the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is in all things affirmed, with costs.

Opinion filed at the May term, 1882.
Petition for a rehearing overruled at the November term, 1882.