SAINT PETER'S CHURCH v. JOHN G. BRAGAW, JR.

(Filed 12 March, 1907).

1. **Tenants in Common—Adverse Possession—Statute of Limitations.**—Actual possession, continuously, openly and adversely, by the grantee of a tenant in common for twenty years, under a deed describing metes and bounds, will toll the entry and bar the rights of the co-tenants by the operation of the statute of limitations.

2. **Deed — Abandonment — Possession — Continuity — Transfer of Right.**—When the continuity of possession has been preserved, to transfer a right is no abandonment of the property: *Therefore*, when a conveyance of land demands certain requirements after setting forth the covenant, with a provision that the land shall revert if abandoned, the grantee may convey subject to the requirements, when there is no provision of forfeiture and the intention of the original grantors is preserved; and such requirements, in the nature of covenants, are enforcible in a court of equity against subsequent purchasers with notice, though, technically, they do not run with the land.

3. **Deed — Covenant — Condition Subsequent — Doubt — Forfeiture Avoided.**—When a conveyance of land leaves in doubt whether a certain clause is intended as a covenant or a condition subsequent, under the policy of the law to avoid a forfeiture, it will be construed as a covenant, when possible.

CONTROVERSY submitted without action, before *McNeill, J.,* at December Term, 1906, of the Superior Court of BEAUFORT County.

This is a controversy without action, submitted under Revisal, sec. 803, to determine the validity of plaintiff's title to realty which it had contracted to sell to the defendant and which is a part of two lots in Washington originally owned by Thomas A. McNair, deceased, and devised by him as follows: "I require my executor to give to some religious denomination of good standing who will accept them, two lots adjoining two lots I gave my sister Pauline, one in the

continuation of Main Street and one in the continuation of Second Street, in the town of Washington, N. C., including the graveyard, on condition that they keep the said graveyard sacred. I appoint my nephew, William T. Tannahill, my executor." The executor died without having given or conveyed the lots to any one.

On 22 February, 1886, the heirs of Thomas A. McNair, other than W. G. Telfair and Ed. Telfair, for the consideration of one dollar, conveyed the said two lots to the plaintiff by deed duly executed and sufficient for that purpose, with full covenants of seisin, warranty and against incumbrances. The deed contained this provision, which was inserted after the covenants: "In the conveyance of this property to the parties of the second part, they are required, first, to enclose the tomb of Augustus Harvey and wife with an iron railing; second, they shall not allow this property to be used as a cemetery; third, in case the parties of the first part should abandon said property, it shall revert to the McNair heirs, parties of the first part." The plaintiff contracted to sell, and the defendant to buy, a part of the said two lots fronting 52 feet on Second Street and extending back with that width and parallel with Academy Street 175 feet, the consideration being $1,500.

It is admitted that "since the execution of said deed (by the heirs of McNair to it) the plaintiff has had continuous, open, actual and adverse possession of the said land, claiming it as its own against all parties," and that it is a religious society or corporation, and is vested by law with full power to take, hold and dispose of real and personal property.

At the time of the execution of the deed from some of the heirs of McNair to the plaintiff, the two heirs who did not sign the deed, W. G. Telfair and Ed. Telfair, were of full age.

The plaintiff has enclosed the tomb of Augustus Harvey and his wife (Susanna Blount), as directed in the will of Thomas A. McNair and in the deed of his heirs to the plaintiff, and has "kept and cared for" the same.

The premises have not been used as a cemetery, but for a number of years were used by the Board of School Trustees of the Town of Washington for public school purposes, under a lease from the plaintiff. The school-house, which was built thereon, was destroyed by fire, and all of the lots are now vacant. The plaintiff has determined to use a part of said lots, including that part upon which is the tomb of Augustus and Susannah Harvey, for the purpose of building a rectory, "still reserving and keeping intact the said tombs."

The defendant has refused to comply with his part of the contract with plaintiff, upon the following grounds: 1. That all the heirs of Thomas A. McNair did not join in the deed hereto attached, and marked "Exhibit B" (deed to plaintiff). 2. That the plaintiff cannot make him a good title by reason of the third of the clauses in said deed, which come after the covenants of warranty, for that the said clause is a condition subsequent, and that the making of the deed by the plaintiff would be an abandonment of the said property, and that by the terms of the deed, under which the plaintiff holds, the land would revert to the heirs of Thomas A. McNair.

It is thereupon agreed by the parties that if the plaintiff has and can convey to the defendant a good and indefeasible title, free from all conditions, trusts and equities, judgment shall be entered for the plaintiff; otherwise, for the defendant. The Court, upon consideration of the case, gave judgment for the plaintiff, and the defendant appealed.

*Bragaw & Harding* for plaintiff.
*Ward & Grimes* for defendant.

CHURCH v. BRAGAW.

WALKER, J., after stating the case: It is admitted that the plaintiff has fully complied with the stipulation in the deed as to the enclosure of the tomb of Augustus Harvey and his wife, and it is also admitted that there has not as yet been any violation of the second stipulation, that the premises should not be used as a cemetery. We will again refer to this clause in another connection.

The two questions discussed in the briefs of counsel relate to the sufficiency of the adverse possession of some of the heirs of Thomas McNair to bar the right of their co-tenants, W. G. and Ed. Telfair. This subject has been so recently and so fully considered by us that it would seem to require no further discussion. We held in *Dobbins v. Dobbins*, 141 N. C., 210, that adverse and exclusive possession of the common property by one of the tenants, such as that described in this case, will toll the entry and bar the right of his co-tenant if continued for twenty years.

The other question, as to the abandonment, under the third stipulation, should present no insuperable difficulty. Conditions subsequent, especially when relied upon to work a forfeiture, are strictly construed. *Woodruff v. Woodruff*, 44 N. J. Eq., 353. The word "abandonment" has a well-defined meaning in the law which does not embrace a sale or conveyance of the property. It is the giving up of a thing absolutely, without reference to any particular person or purpose, and includes both the intention to relinquish all claim to and dominion over the property and the external act by which this intention is executed, and that is, the actual relinquishment of it, so that it may be appropriated by the next comer. 1 Cyc., 4. "Abandonment must be made by the owner without being pressed by any duty, necessity or *utility* to himself, but simply because he desires no longer to possess a thing; and further, it must be made without a

144—9

desire that any other person shall acquire the same; for if it were made for a consideration, it would be a barter or sale, and if without consideration, but with an intention that some other person should become the possessor, it would be a gift." *Stephens v. Mansfield,* 11 Cal., 363. That case involved the very question we have in this one, to-wit, whether a sale and conveyance of property was an abandonment of it within the meaning of the law. The same Court has again said: "There can be no such thing as abandonment in favor of a particular individual or for a consideration, as such an act would be a gift or a sale." *Richardson v. McNulty,* 24 Cal., 329. When there is a sale or gift, or a transfer in any other mode provided by law, the continuity of the possession is preserved and the idea of abandonment is necessarily excluded. The authorities uniformly construe the word "abandon" as we have done, and distinguish it from a sale or transfer. Black's Law Dict., p. 4; 1 Words and Phrases, pp. 4, 5 and 11; *M. C. Ditch Co. v. Henry,* 39 Pac. Rep., 1058; *Mitchell v. Carder,* 21 W. Va., 285; *Derry v. Ross,* 5 Colo., 300. "There is a great difference," says the Court in *Hogan v. Gaskill,* 42 N. J. Eq., 217, "between abandon and surrender; between abandoning a right or thing and the surrender of such a right or thing to another; between giving it up because it is regarded as utterly useless or valueless, and surrendering, assigning or transferring it to another as a valuable right or thing. When one surrenders a right or thing to another by solemn agreement in writing, he certainly does not abandon it in the sense in which all understand the word 'abandon.' " That case also presented the identical question we have here. The intention of the McNairs was to have the premises constantly occupied by some one, and a sale by the plaintiff to the defendant will not, of course, contravene that intention.

CHURCH *v.* BRAGAW.

We deem it proper to refer to the question, though it is not mentioned in the briefs, whether by the second requirement, that the property should not be used as a cemetery, a condition subsequent is annexed to the estate, or whether that prohibition should be regarded merely as a stipulation or a covenant to be enforced by a resort to the equitable power of the Court for the purpose of restraining its violation. We are clearly of the opinion that this clause should not be construed as a condition subsequent, but rather as a covenant or a restrictive clause, observance of which may be compelled by a court of equity. While conditions subsequent may be created without the use of technical words, they must be clearly expressed, as they are not favored in law, and, if it is doubtful whether a clause is a covenant or a condition, the courts will so construe it, if possible, as to avoid a forfeiture. *Graves v. Deterling,* 120 N. Y., at p. 455; *Woodruff v. Woodruff,* 44 N. J. Eq., 349. Words in a deed, not in form expressing either a covenant or a condition, but sufficient to create either the one or the other, will be construed as a covenant rather than as a condition. *Chancellor Kent* said: "Whether the words amount to a condition or a limitation or a covenant, may be matter of construction depending on the contract. The intention of the parties to the instrument, when clearly ascertained, is of controlling efficacy, though conditions and limitations are not readily to be raised by mere inference and argument. The distinctions on this subject are extremely subtle and artificial, and the construction of a deed, as to its operation and effect, will, after all, depend less upon artificial rules than upon the application of good sense and sound equity to the object and spirit of the contract in a given case." 4 Kent Com., 132. It has been said that there may be a covenant for almost anything (*Lord Eldon* in *Church v. Brown,* 15 Ves., 264),

and that covenants have frequently been inserted in conveyances to maintain the eligible character of property adjoining the parcel conveyed, by protecting the owners of it against nuisances or the erection of offensive structures or the carrying on of an injurious trade. It can be easily inferred from the case agreed, if not from the terms of the conveyance itself, that this clause was inserted in the latter to render more eligible the adjoining property in which the grantors had an interest. This is said to be the reasonable presumption in most any case of this kind. "If we can construe this clause as an obligation to abstain from doing the thing described, which, by acceptance of the deed, became binding upon the grantee as an agreement enforcible in behalf of any interest entitled to invoke its protection, I think we are in conscience bound to give that construction, and thereby place ourselves in accord with that inclination of the law which regards with disfavor conditions involving the forfeiture of estates. In this connection, it may be noted that there is no clause in the deed giving the right to re-enter for condition broken. While the presence of such a clause is not essential to the creation of a condition subsequent, by which an estate may be defeated at the exercise of an election by the grantor or his heirs to re-enter, yet its absence to that extent frees still more the case from the difficulty of giving a more benignant construction to the proviso clause." *Post v. Weil,* 115 N. Y., at p. 371. We may say in this case, as was said in the case just cited, which is somewhat similar in principle to ours, that there is no interest which is not adequately protected by regarding the clause as intended to create a covenant or limitation in trust that the property shall not be used for the one certain purpose mentioned. It is more agreeable to reason, as it is to conscience, and it well comports with the character and object of the

deed containing the provision against the use of the premises as a cemetery, if we hold that the office of the latter was simply to restrain the generality of the preceding clauses. The two cases which we have already cited (*Post v. Weil* and *Graves v. Deterling, supra*) are so much in point and discuss the principle on which our case, in this part of it, must turn, so fully and ably, that we may well be content to rest our decision upon the reasons clearly stated therein. See, also, *Hart v. Dougherty,* 51 N. C., 86; *Stanley v. Colt,* 5 Wall., 119; *Lynn v. Hersey,* 103 N. Y., 264; *Baker v. Mott,* 78 Hun., 141; 103 Pa. St., 613; *Rawson v. Inhabitants of School District,* 7 Allen, 125. The clause under consideration has no provision for a forfeiture, while the next and last clause has one, showing clearly the former was intended to operate as a covenant and not as a condition subsequent, a breach of which may involve a forfeiture of the estate conveyed by the deed.

The covenant against using the premises as a cemetery will bind the grantee of the original covenantor with notice and be enforced in equity against him, and in order to fix him with liability it is not necessary that the covenant should be one technically attaching to and concerning the land, and so running with the title and binding those who succeed to it, the question being not whether the covenant runs with the land, but whether a party shall be permitted to use the land inconsistently with the contract entered into by his vendor, and with notice of which he purchased. *Tulk v. Moxhay,* 1 Hall & T., 105; *Hodge v. Sloan,* 107 N. Y., 244; *Parker v. Nightingale,* 6 Allen, 341; *Morland v. Cook,* L. R., 6 Eq. Cases, 252. Each case, of course, will depend upon its own circumstances, and the covenant will be enforced by the Court or its enforcement refused, as the nature of the

particular case may, under the general principles of equity, seem to require. *Trustees v. Thacher,* 87 N. Y., 311.

The stipulation in this case is restrictive, requiring the grantees to abstain from the use of the premises for a certain purpose. There is no clause in the deed specifying how otherwise the premises shall be used or for what special purpose, so as to impress the legal title with a trust in respect to that particular use, or so as by its terms to create an estate upon condition subsequent, or a base, or, more accurately speaking, a qualified fee. *Hall v. Turner,* 110 N. C., 292. The deed simply runs to the church or its trustees generally, without declaring any use to which the land shall be applied. Such a deed has been held to pass an absolute title in fee which is not forfeited by failing or ceasing to use the property for church purposes (*Cook v. Leggett,* 88 Ind., 211), unless in this case the property shall be abandoned, when by the express terms of the deed it will revert. The recent case of *St. James v. Bagley,* 138 N. C., 384, also is ample authority for this proposition, although it did not involve the precise point we have in this case, as did *Cook v. Leggett.* The question as to when a trust will or will not be raised is fully and learnedly discussed by *Justice Connor* in *St. James v. Bagley.* There are not even any precatory words used in the deed to the plaintiff, and there is nothing from which any intention to create a trust can fairly be inferred.

It appears that two of the heirs of Thomas A. McNair, namely W. G. and Ed. Telfair, are not parties to this proceeding. They will, of course, not be bound by the admissions in the case or in any way concluded by the judgment. They are proper but not necessary parties under the circumstances of this case, especially as their presence is waived, and as the facts have been agreed upon and the parties to this submission are willing that we should decide as to the sound-

ness of the title upon those facts, the defendant taking the risk of establishing them if any controversy should hereafter arise between him and the two Telfairs. Under the circumstances we can proceed without them. This course has been pursued in *St. James v. Bagley, supra,* and in other cases to be found in our Reports.

Reviewing the whole matter, we have discovered no error in his Honor's decision upon the case agreed.

Affirmed.