EZRA P. AXTELL, *Appellant,* v. JAMES N. COONS AND JAMES N. COONS AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF MARY W. COONS, DECEASED, AND JOSEPHINE HUGHES-CROSSMAN AND PATRICIA HUGHES-CROSSMAN, *Appellees.*

Opinion Filed August 1, 1921.

Petition for Rehearing Denied August 15, 1921.

1. A trustee holds the trust property for the benefit of the *cestui que trust* to whom he is accountable, not only for the specific trust property, but for the proceeds of its sale, its accretions, its earnings and any and all funds coming into his hands from, by; or through the property of which he is trustee.

2. Where a person designated as trustee of property is given possession, control, the beneficial use, and absolute and uncontrolled dominion over the supposed trust property, with uncontrolled power to dispose of same absolutely at his discretion, such power defeats the trust.

3. Where a trust is sought to be created and the person named as trustee does not hold the property for any specified or ascertainable object, and where the disposition of the property is not definitely stated, and where the supposed trustee is given power to sell the property and is expressly relieved

from any obligation to account in any wise to the *cestui que trust* for the proceeds of the sale or its earnings or accretions, a trust is not created, but the supposed trustee holds both the legal and the equitable estate.

4. A fundamental essential to the existence of any trust is the separation of the legal estate from the beneficial enjoyment; and no trust can exist where the same person possesses both. If the legal and equitable estates come together in the same person the equitable is merged in the legal, and the trust is terminated. Absolute control and power of disposition are inconsistent with the idea of a trust.

5. The same person cannot be at the same time trustee and beneficiary of the same identical interest.

6. Where the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains.

7. The trustee and the beneficiary must be distinct personalities, or, otherwise, there could be no trust, and the merger of interests in the same person would effect a legal estate in him, of the same duration as the beneficial interest designed.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order reversed.

*George C. Bedell,* for Appellant;

*C. B. Peeler,* for Appellees.

BROWNE, C. J.—This is a proceding in equity by Ezra P. Axtell, the appellant, to subject certain described land

and personalty to the lien of a judgment in his favor, against James N. Coons and others and for injunction restraining the appellee from parting with his ownership in the personalty pending the final decree.

It is here on appeal from an order sustaining a demurrer to the bill. Our decision depends upon the construction to be placed upon the will of Mary W. Coons, whereby she sought to dispose of land, and the capital stock of the Vulcan Iron Works, which the bill seeks to subject to the lien of a judgment obtained by Axtell against Coons. The will designates James N. Coons, the defendant below, ''as trustee for my grand daughter, Patricia Hughes-Crossman, and Josephine Hughes-Crossman her daughter.'' It is contended by the appellant that although Coons is designated in the will as ''trustee'' nevertheless upon considering the entire will that the testatrix did not intend to create a trust, but that her purpose was to give the property absolutely to Coons, and if any of the estate remained upon his death it was to go to her daughter-in-law, Josephine Hughes-Crossman. That neither in fact nor in law was a trust created.

The portion of the will that is in controversy is as follows:

''Item Second: I do give, devise and bequeath unto my husband, James N. Coons, as trustee for my Granddaughter, Patricia Hughes-Crossman, and Josephine Hughes-Crossman, her mother, share and share alike, all of' my property, personal, real and mixed, of whatsoever kind and wheresoever situated, whether the same is now owned by me or may hereafter be acquired, and I do give him full power to manage, control, sell, mortgage, encumber or lease, in any way he may desire, any and all of such prop-

erty, and all contracts, leases and mortgages, of every kind and nature made by him during his life time shall be binding upon the said Josephine Hughes-Crossman and her daughter, Patricia Hughes-Crossman.

"Item Third: I hereby nominate, constitute and appoint as Executor of this my last WILL and TESTAMENT, my said husband, James N. Coons, he to serve without being required to give bond for the faithful performance of his duties as such Executor, and I do hereby give him full power and authority to sell, convey and dispose of and convert into cash, for the purpose of paying debts, and for any other purpose he may conceive to be advisable, for such price and upon such terms as he may approve, any and all real or personal property without the necessity of applying to any Court for any order or authorization in that behalf, and I do direct that he be not required to render or make any accounting to any Court anywhere for any of his acts and doings as such Executor. And I do further will and direct that any and all purchaser or purchasers and all persons dealing with and contracting in any way with my said husband, James N. Coons, either as Trustee, as hereinabove set forth, or as Executor under this will, shall not be liable or responsible for the application of purchase money and that all contracts and agreements made by my said husband, James N. Coons, during his life and in connection with and in regard to any of the property, real, personal, or mixed, belonging to my estate, shall be binding in every respect upon the said Josephine Hughes-Crossman and Patricia Hughes-Crossman.

"Item Fourth: Further, at the death of my said husband, James N. Coons, I do direct that my daughter-in-law, Josephine Hughes-Crossman, do succeed the said James N.

Coons as Trustee for her daughter, Patricia Hughes-Cross-man, as Executor of this my last WILL and TESTAMENT and I do further direct that she be not required to give any bond or make any accounting for any acts or conduct on her part as such Trustee and Executor. And I do give unto her the same power and authority as such Trustee and Executor at the death of my said husband, James N. Coons, as that given him during his life time."

This will gave absolute and unrestrained power to James N. Coons to sell and dispose of any and all of the property real or personal, and to do what he pleased with the proceeds of the sale.

Except for the use of the word "trustee" we fail to discover anything in the will to indicate the purpose of creating a trust for the benefit of any cestui que trust. It is contrary to the conception and purpose of a trust that the person designated as trustee be given absolute and unrestrained control over the property with the right to sell and use the proceeds of the sale as he may see fit without liability or accountability to a cestui que trust. The purpose of a trust is to provide some one to hold and manage the trust property or funds derived therefrom, for the benefit of some person or persons to whom he shall be accountable, not only for the specific trust property, but for the proceeds of its sale, its accretions, its earnings and any and all funds coming into his hands from, by or through the property of which he is the trustee.

Under the terms of this will Coons had power and authority to sell any or all the property, and could have discharged the lien of the judgment of Atxell, and the liens of any other outstanding judgments against him, or discharged any of his personal obligations, and neither of the parties who are supposed to be cestuis que trust could have

prevented him from so doing. He was given possession, control, the beneficial use, and absolute and uncontrolled dominion over the property. Such power defeats the creation of a trust for the benefit of any one else, and the mere designating of Coons as trustee is not sufficient to destroy the palpable purpose of the will to place the property in the control of Coons for his personal use and benefit, with the express provision empowering him to dispose of the property without court authority, and without accountability to the supposed *cestuis que trust.*

One of the essential elements of a trust is that the trustee shall hold the property for a "specified or ascertainable object." Another rule governing trusts is that "the disposition of the property must also be definitely stated; there can be no valid trust unless it is capable of being enforced even against the wish of the trustee; a mere honorary obligation which the trustee may perform or not at his will does not create a trust." 26 R. C. L. 1184; Bryan v. Bigelow, 77 Conn. 604, 60 Atl. Rep. 266; Sheedy v. Roach, 124 Mass. 472; Mercantile Nat. Bank of Cleveland v. Parsons, 54 Minn. 56, 55 N. W. Rep. 825; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. Rep. 256, 12 L. R. A. 463; *In re* John's Estate, 30 Ore. 494, 47 Pac. Rep. 341, 50 Pac. Rep. 226, 36 L. R. A. 242.

"A fundamental essential to the existence of any trust is the separation of the legal estate from the beneficial enjoyment; and no trust can exist where the same person possesses both. * * * If the legal and equitable estates come together in the same person the equitable is merged in the legal, and the trust is terminated. Absolute control and power of disposition are inconsistent with the idea of a trust." 26 R. C. L. 1186. (17) Hospes v. Northwestern Mfg. etc. Co., 48 Minn. 174, 50 N. W. 1117, 31 A. S. R. 637,

15 L. R. A. 470; Towle v. Wood, 60 N. H. 434, 49 Am. Rep. 326; (13) Doan v. Parish of Ascension, 103 Md. 662, 64 Atl. 314, 115 A. S. R. 379, 7 L. R. A. (N. S.) 1119.

In the case of Woodward v. James, 115 N. Y. 346, text 357, the court said: "It is undoubtedly true that the same person cannot be at the same time trustee and beneficiary of the same identical interest. To say that he could would be a contradiction in terms, as complete and violent as to declare that two solid bodies can occupy the same space at the same instant. Where, however, the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains." And again in Greene v. Greene, 125 N. Y. 506, text 510, the court said: "The trustee and the beneficiary must be distinct personalities, or, otherwise, there could be no trust, and the merger of interests in the same person would effect a legal estate in him, of the same duration as the beneficial interest designed."

We think that Coons has such a real and substantial interest in the property as to subject it to the lien of the appellant.

The court erred in sustaining the defendant's demurrer to the bill.

The order sustaining the demurrer is reversed.

TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.