MARY E. DALTON, Appellant, v. ROSE LEVY and SAMUEL LEVY, Respondents.— Judgment reversed upon the law and the facts, without costs, and judgment granted in favor of plaintiff, without costs. The plaintiff, by virtue of the original grant from Jacobs brothers, describing her property by reference to a map made by the original grantors and bounding the same upon Jacobs lane, obtained an easement or right of way as appurtenant to lot No. " 1," plaintiff's property, over the strip in question, now owned in fee by defendant Rose Levy, known as Jacobs lane and extending to the full width and length thereof, as shown on the map. (*Baker* v. *Mott*, 78 Hun, 141; affd., 152 N. Y. 637; *Wiggins* v. *McCleary*, 49 id. 346; *Reis* v. *City of New York*, 188 id. 58; *Collins* v. *Buffalo Furnace Co.*, 73 App. Div. 22; *White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65; *Matter of Village of Olean* v. *Steyner*, 135 id. 341; *Parsons* v. *Johnson*, 68 id. 62; *Hennessy* v. *Murdock*, 137 id. 317; *Lord* v. *Atkins*, 138 id. 184.) Plaintiff, however, with knowledge of the fact that defendants intended to build, and did build, a garage upon a part of the strip of land in question, made no protest until after the com-

pletion of the structure. In view of plaintiff's offer to reimburse the defendants for the damages sustained in constructing the garage as a condition for its removal, the judgment will so provide and the manner of fixing the damages will be determined upon the settlement of the judgment. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in accordance herewith. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur. Settle order on notice