ANNIE MAE WILLIAMS AND HUSBAND, H. E. WILLIAMS; ALICE GRAY WHITLEY AND HUSBAND, E. A. WHITLEY; SELMA BAKER AND HUSBAND, F. K. BAKER; T. E. WOLFE AND WIFE, RUTH WOLFE; WILLIE WOLFE, BY HER NEXT FRIEND, W. BLOUNT RODMAN, v. L. S. THOMPSON AND WIFE, DORIS THOMPSON.

(Filed 11 October, 1939.)

1. **Wills § 33d: Trusts § 1a—Precatory words merely expressing the wish of testatrix as to future use of land do not create a trust.**

    A devise of a remainder after a life estate to a church to be used by its legal representatives as a parsonage and for no other purpose in order to secure the possession of testatrix' burying ground to the church does not impress a trust upon the land, since the words merely express the wish of the testatrix as to the future use of the land.

2. **Wills § 35b—Devise held to carry fee in remainder and not a devise upon condition subsequent nor upon special limitation.**

    A devise of a remainder after a life estate to a church to be used by its legal representatives as a parsonage and for no other purpose in order to secure the possession of testatrix' burying ground to the church *is held* to convey the fee, since the devise cannot be held upon condition subsequent since it does not provide for reëntry or forfeiture for condition broken, nor one upon special limitation, since it does not provide for reversion in the testatrix or her heirs nor for limitation over to any other person.

APPEAL by defendants from *Bone, J.,* Washington Superior Court. Affirmed.

This was a controversy without action to determine the title to land, the subject of a contract to convey. Defendants refused to accept deed on the ground that plaintiffs could not convey a fee simple title to the land. From judgment for plaintiffs, defendants appealed.

*Z. V. Norman for plaintiffs.*
*Carl L. Bailey for defendants.*

DEVIN, J. The question of title to land presented for decision by this appeal depends upon the proper construction to be given to the following clause in the will of Sallie F. C. Long:

"Item I: I leave to my niece Clarentine F. Clift lot No. 108, in the Town of Plymouth during her natural life, and after her death I give and bequeath the said lot with all improvements and hereditaments to the Methodist Episcopal Church in this place, to be used by the stewards or legal representatives of the said Church in the Town of Plymouth as a parsonage for the minister and for no other purpose, in order to secure

the possession of my burying ground to the aforesaid Church and to its keeping and care."

The will was probated in 1881, and on 9 November, 1900, the life tenant conveyed her life estate in the land to T. B. Wolfe, and on 19 November, 1900, the trustees of the Methodist Episcopal Church in Plymouth conveyed the remainder in the property in fee simple to the said T. B. Wolfe. The life tenant is now dead. T. B. Wolfe and his wife are dead, and the plaintiffs are his only heirs at law. They have contracted to convey a good and indefeasible title to the land to the defendants. Defendants have refused to accept the deed tendered by plaintiffs and to pay the purchase price on the ground that the title is other than fee simple, due to the provisions in the quoted clause in the will of Sallie F. C. Long.

The language contained in the will, indicating that the property was to be used as a parsonage for the minister of the church in order to secure the possession of the burying ground to the church and to its keeping and care, cannot be held to have the effect of impressing a trust upon the legal title (*St. James v. Bagley,* 138 N. C., 384, 50 S. E., 841), nor can it be held to constitute a condition subsequent, for the reason that there is nowhere in the devise a clause providing for reëntry or forfeiture for condition broken (*Lassiter v. Jones,* 215 N. C., 298). Thirty-nine years have elapsed since the trustees of the church conveyed the property in fee simple to plaintiffs' ancestor. The language used in the will expresses the wish of the testatrix as to future use of the land, but it cannot be given the legal effect of creating a trust such as to require the aid of a court of equity to enforce its administration. No right of reëntry is preserved to the heirs of the testatrix, nor is limitation over granted to another. There is no right or remedy in favor of the devisor or her heirs or anyone else to enforce appropriation of the land to the purpose mentioned in the will. Where the property is given absolutely and without restriction, the absence of any clause or phrase in the will to indicate such an intention compels the conclusion that no right of forfeiture for condition broken was intended to be reserved.

The rule is thus stated in Pomeroy's Equity, sec. 1016: "In order that a trust may arise from the use of precatory words, the court must be satisfied from the words themselves, taken in connection with all the other terms in the disposition, that the testator's intention to create an express trust was as full, complete, settled and sure as though he had given the property to hold upon a trust declared in express terms in the ordinary manner."

In *St. James v. Bagley, supra,* where the deed conveyed property to the Vestry and Wardens of St. James Church for the purpose of aiding in the establishment of a home for indigent widows or orphans, the

Court, in holding that the grantees could convey the property freed of trust or restriction, quoted from 2 Devlin on Deeds, sec. 838, as follows: "A grantor can impose conditions and can make the title conveyed dependent upon their performance. But if he does not make any condition, but simply expresses the motive which induces him to execute the deed, the legal effect of the granting words cannot be controlled by the language indicating the grantor's motive." *Springs v. Springs,* 182 N. C., 484 (487), 109 S. E., 839.

In the recent case of *Lassiter v. Jones,* 215 N. C., 298, the deed there considered conveyed land to trustees, "for the exclusive use of Palenta Male and Female Academy . . . to be used exclusively . . . for school purposes . . . and for no other purpose." In a suit by the heirs of the grantor to recover the property it was held that the grantees under the deed took title in fee. This Court said: "The deed does not create an estate on condition subsequent for the reason that nowhere in the deed is there a reverter or reëntry clause. There is no language in the deed and no intention can be gathered from it that a reversionary interest exists and the grant is limited. There is no language in the deed that can be construed as a forfeit, that the property is either transferred to another or reserved to the original grantor."

In *Hall v. Quinn,* 190 N. C., 326, 130 S. E., 18, property was conveyed to trustees "in trust for the use and benefit of the Wilmington Presbytery forever, and to be used for the purposes of education and for no other purposes." It was held that, as the deed contained none of the forms of expression indicative of the purpose to create a condition subsequent, nor clause of reëntry or forfeiture for condition broken, the grantees had power to convey in fee simple. The Court said: "A clause in a deed will not be construed as a condition subsequent unless it expresses in apt and appropriate language the intention of the grantor to this effect (*Braddy v. Elliott,* 146 N. C., 578), and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition."

"Conditions subsequent are not favored by the law." *Church v. Bragaw,* 144 N. C., 126, 56 S. E., 688.

In *Tucker v. Smith,* 199 N. C., 502, 154 S. E., 826, where the conveyance was "for the use and benefit of the white children in said school district and no further," these words were held "merely to make out and identify the purpose of the conveyance and do not rise to the dignity of imposing a trust or condition subsequent, working a reversion of the title." To the same effect is the holding in *University v. High Point,* 203 N. C., 558, 166 S. E., 511.

In *Helms v. Helms,* 135 N. C., 164, 47 S. E., 415, conveyance in consideration of the support of the grantor by the grantee, with no con-

REALTY CORP. *v.* KOON.

dition expressed, was held not to constitute a condition subsequent, the breach of which would entitle the grantor's heirs to avoid the deed or divest the title of the grantee to the land. The same rule was laid down in *Brittain v. Taylor,* 168 N. C., 271, 84 S. E., 280.

In *Hinton v. Vinson,* 180 N. C., 393, 104 S. E., 897, where the conveyance contained the words, "The party of second part accepts this deed with condition that he will erect no mill on the streams leading to the mill pond," it was held that in the absence of provision for forfeiture or reëntry the words did not constitute a condition subsequent, but a covenant implying promise to pay damages for its breach.

For the reasons stated and upon the authorities cited, we concur in the ruling of the court below that plaintiffs' proper deed would convey a good and indefeasible title to the land. The judgment of the Superior Court is

Affirmed.