### In re EMERSON'S WILL.

No. 4996.

County Judge's Court, Sarasota County.

June 22, 1960.

John M. Scheb, Wood & Scheb, Sarasota, for the executors.

RUSSELL D. THOMAS, County Judge.

The petition of Dorothy G. Flexer and Russell J. Flexer, executors of this estate, to construe the decedent's last will and testament, was presented to this court on April 22, 1960. It appears that Ella May Emerson died testate on March 22, 1959 at Sarasota, leaving her last will and testament, which was admitted to probate in this court on April 17, 1959, on which date letters testamentary were issued to the executors, and that at this time the executors are in the process of concluding the administration of the estate.

Heretofore, on April 26, 1960, this court entered an order construing paragraphs first and fifth of the will. Citation has been issued in the name of the State of Florida and a receipt of the petition to construe the will, citation and a waiver of service has heretofore been filed by all of the parties who are interested as legatees in the paragraphs of the will which are now before the court for construction, i.e. — paragraphs second, third, fourth and ninth, there being on file a receipt of petition and waiver of service by Winchester Public Library, legatee named in the second paragraph of the will; the Winchester Girl Scout Council, legatee named in the third paragraph of the will; Caney Creek Community Center, legatee named in the fourth paragraph of the will; and the Shrine of the Master Spiritualist Episcopal Church, legatee named in the ninth paragraph of the will.

The paragraphs of the decedent's will, now before the court to be construed, are —

" . . . I give and bequeath . . .

"*Second:* To the Winchester Public Library the sum of one hundred dollars and interest of which shall be used for current books and magazine subscriptions on Spiritualism.

"*Third:* To the Winchester Girl Scout Council the sum of one hundred dollars, the interest of which shall be used for cabin needs.

"*Fourth:* To Caney Creek Community Center, Pippa Pass, Kentucky, the sum of two hundred dollars, the interest of which shall be used yearly as a Gift of Opportunity in the name of Ella May Emerson.

*"Ninth:* To the Shrine of the Master Spiritualist Episcopal Church, 852 Tuttle Avenue, Sarasota, Florida, the residue of my estate to be used for the Recreation Hall and its upkeep."

Two questions arise as to the construction to be placed upon the paragraphs of the will now before the court — (1) Do the bequests in each of these paragraphs expressly or by implication create trusts? (2) Are the estates created by each of these bequests burdened with conditions subsequent which create enforceable restrictions upon such bequests or are such bequests absolute?

As to the first question, it is a well settled rule of law that a separation of legal and equitable interests is essential to the existence of a trust, and where the same person is trustee and also beneficiary, it results in the termination of the trust or the attempt to create the trust fails. 54 Am. Jur. Sec. 117 Trusts, pp. 101-102; 151 A.L.R. 1290-1295; 54 Am. Jur. Sec. 35 Trusts, p. 46; Axtell v. Coons, 82 Fla. 158, 89 So. 419.

It appears therefore that inasmuch as in the bequests in the second, third, fourth and ninth paragraphs the sum therein intended in each instance goes directly to the intended beneficiary of each of the bequests there is no separation of the legal and equitable estate — and therefore there cannot and would not be a trust created in any one of these instances. The trustee and beneficiary must be distinct personalities otherwise there can be no trust. Axtell v. Coons, supra.

As to the second question, a more serious problem arises in that a bequest to a charitable corporation to be used for a designated purpose which is one of its corporate purposes although it does not ordinarily create a trust, may have attached to it conditions subsequent which are subject to enforcement. It is elementary to point out that estates may be devised either absolutely or upon condition and that conditions are generally of two kinds, precedent or subsequent, depending upon their effect upon the estate to which they are annexed. A condition precedent is an event, the happening or not happening of which causes an estate to vest or to be enlarged. A condition subsequent is an event the happening or not happening of which determines an estate already vested. 3 Page on Wills, Sec. 1278, pp. 743-744.

Generally, where a testamentary gift is made subject to a valid condition, which is not impossible of performance, the beneficiary must comply with the requirements of the condition be-

fore he is entitled to the subject matter of the gift, relieved of the condition, and this shall be true with conditions precedent. An estate upon a condition subsequent is one with a qualification annexed by which it may on the happening of a particular event, be created, enlarged or destroyed. The right of a testator to attach to a gift any lawful term he sees fit, no matter how whimsical or capricious, is widely if not universally recognized. The intention to create a condition in a will must clearly appear, for a court will not construe a testator's words as importing a condition if a different meaning can be fairly given to them. 57 Am. Jur. Wills, Sec. 1503, pp. 1016-1018. Of course, when a condition subsequent is or becomes impossible of performance, the gift, whether personalty or realty, remains in effect discharged of the condition, where the impossibility of performance is attributable to the acts of a co-devisee or co-legatee or a third person, or an act of God. Of course, the non-compliance may not be the result of the donee's own fault or negligence. 57 Am. Jur. Wills, Sec. 1505, pp. 1019-1020.

An excellent annotation on bequests to charitable corporations and the nature of estates created thereby may be found in 130 A.L.R. at page 1101. In that annotation it is pointed out that it is generally held that the fact that the donor restricts the employment of the gift to a particular use, which is within the corporation's several purposes, does not indicate a desire to create a trust; that likewise, an intention not to create a technical trust by a devise or bequest by a gift contemplated is indicated by the fact that the language of a gift is clear and direct and in absolute terms, and that where the donor employs merely *precatory* language to express the purpose to which he desires the gift be put, it is insufficient to show an intention to cut down a gift from an outright gift to a trust; that further, a testator will not properly have intended to create a trust where a trust would be invalid.

The language used in the bequests in the second, third, fourth and ninth paragraphs appear to be precatory words. Precatory words are words of mere recommendation and where employed they do not restrict prior words in an absolute devise. In In re Saulpaugh's Will, 180 N.Y.S. 2d 623, the decedent, after making some specifically mentioned bequests, devised to American Legion Post 184 — "my property, house and barn, and contents of both, *to be used as a veterans home*". The question to be determined by the court was whether the testatrix intended to give the American Legion Post 184 an absolute devise of her property or whether it was conditioned upon such devise being used as a veterans home. The court quoted from Scott on Trusts, vol. 3,

page 2125, where it is stated — "Where property is conveyed or devised upon a charitable trust, and it is provided that the property is not used in the manner directed, that it revert to the settlor or his heirs . . . subject to a condition subsequent". But on page 2126 of Scott on Trusts vol. 3, it is stated that even though it is provided in the instrument that the property is given "upon condition" that it be applied to certain purposes, this does not necessarily manifest an intention to create a condition. Unless there is a provision for the reverting of the property, the instrument will rarely be construed as imposing a condition.

In the Saulpaugh case, supra, the court quoted from Smith v. Village of Patchogue, 129 N.Y.S. 2d 422, in which the testatrix had made a will devising to the Village of Patchogue — "the tract of land . . . which said tract of land shall be forever used as a public park for the people of Patchogue". The court held that the testatrix had devised the tract of land to the Village of Patchogue in fee simple absolute, noting that there was no provision for forfeiture or re-entry.

In the Saulpaugh case the court concluded that the provisions of the devise "to be used as a veterans home" were precatory (a recommendation) in nature and the court stated that such language did not restrict the prior words of absolute devise and that therefore the American Legion Post 184 acquired fee simple absolute title to the property because no provision was made for forfeiture, re-entry or reverter.

Conditions subsequent are not favored by the courts and it is generally held that a statement of the purpose of a gift will not create a condition subsequent. Whitmore v. Church of the Holy Cross. 121 Me. 391, 117 A. 469; Farnham v. Thompson, 34 Minn. 330, 26 N.W. 9.

It has further been held that the absence of a gift over or a forfeiture provision tends to indicate that an expression as to the use of the property is a description rather than a condition. Williams v. Thompson, 216 N.C. 292, 4 S.E. 2d 609. In the Williams case it was held that where a church was given property under a will to be used "as a parsonage and for no other purpose, in order to secure the possession of my [testatrix'] burial ground", such property was not conveyed upon a condition subsequent, because the devise did not contain a clause for re-entry or forfeiture. In that case the court stated that the church could convey the property free of any condition imposed by the decedent's will.

It appears significant that in each of the bequests before this court for construction there is no express trust, nor is there any language tending to indicate a trust — therefore the legal and equitable title merge into one legatee. The language is not sufficient to impose a condition subsequent, since there is no provision for re-entry or forfeiture or reverter. In fact there is no clear language indicating an express condition subsequent. The better view appears to be that these bequests should be construed to be absolute gifts and that the language employed by the testatrix here be considered as precatory. This court adopts this view.

It is, therefore, ordered and adjudged by this court that the bequests in the last will and testament of Ella May Emerson, deceased, entitled second, third, fourth and ninth, shall in each case be construed as follows —

" . . . I give and bequeath . . .

*"Second:*   To the Winchester Public Library the sum of one hundred dollars and interest of which shall be used for current books and magazine subscriptions on Spiritualism."

This bequest is construed to mean that said legatee shall receive outright as an absolute gift the sum of $100.

*"Third:*   To the Winchester Girl Scout Council the sum of one hundred dollars, the interest of which shall be used for cabin needs."

This bequest is construed to mean that said legatee shall receive outright as an absolute gift the sum of $100.

*"Fourth:*   To Caney Creek Community Center, Pippa Pass, Kentucky, the sum of two hundred dollars, the interest of which shall be used yearly as a Gift of Opportunity in the name of Ella May Emerson."

This bequest is construed to mean that said legatee shall receive outright as an absolute gift the sum of $200.

*"Ninth:*   To the Shrine of the Master Spiritualist Episcopal Church, 852 Tuttle Avenue, Sarasota, Florida, the residue of my estate to be used for the Recreation Hall and its upkeep."

This bequest is construed to mean that said legatee shall receive the residue of this estate outright as an absolute gift.