HENDRY, Chief Judge.
This is an interlocutory appeal from an order declaring certain stock amenable to execution and/or attachment to satisfy judgment against the defendants, Joseph Harvest and Jean Harvest, his wife.
This action was instituted by the judgment creditor, Craft Construction Corporation, to levy on stock certificates owned in the name of “Joseph Harvest, as trustee for Joanne Harvest” and “Joseph Harvest, as trustee for Judith R. Harvest.” Joanne and Judith are the minor children of the defendants, the judgment debtors. A guardian ad litem was appointed to protect the interest of the children after they were impleaded and required to show cause why the stock should not be amenable to execution for the debts of their parents.
The stock in question consisted of stock certificates No. U7323 and No. U7324, in William Penn Life Insurance Company, now known as Eagle National Life Insurance Company, each for one thousand, five hundred and forty-three shares. The stock was purchased by Joseph Harvest after the judgment had been obtained against him and his wife. It was purchased from an original subscriber to the stock prior to the time the insurance company went public. Mr. Harvest had been an original subscriber to the stock of the company but he testified that his name was not on the final subscription list. The total price for the three thousand, eighty-six shares was Thirteen Thousand, Eight Hundred and Eighty-seven Dollars. The money for the purchase of the stock was obtained as follows: Three Thousand Dollars from the savings accounts of the children; Five Thousand Dollars from Mr. and Mrs. Eugene Schwartz, the childrens’ maternal grandparents, as a loan to the children evidenced by notes signed by them and Joseph Harvest as “guardian for Joanne Harvest” and “as guardian for Judith R. Harvest”; Five Thousand Dollars from Robert Florio, a close friend of the family, as ,a loan to the children evidenced by notes signed in the same manner as above; and an additional Nine Hundred Dollars as a loan to the children from Mr. Eugene Schwartz. No portion of thesv. loans has been repaid. On *74 July 8, 1963, One Thousand, One Hundred and Thirty-eight Dollars was deposited in the savings account of each child; on November 27, 1963, Five Hundred Dollars; and on January 28, 1964, One Hundred Dollars. Mr. Harvest was unable to remember the source of these deposits.
The chancellor found that Joseph Harvest had dealt in these shares of stock for his own account and/or the account of his wife, for his or their personal benefit, and that the stock is in truth- and in fact the stock of Joseph Harvest and/or his wife.
It is essential to the existence of any trust that the legal estate be separated, from the beneficial enjoyment; and if the trustee has the power to use the trust corpus for his own personal use and benefit, without an accounting to the beneficiary, the equitable estate is merged in the legal estate.[1]
 A review of the evidence reveals that Joseph Harvest may have dealt in stock for his personal benefit and use which he was allegedly holding for the beneficial use of his children. However, there is no evidence that he did so with the stock certificates in question. Thus, the principal question to be determined is whether the money used to purchase the stock was from the estate of Joseph Harvest or his wife so that the judgment creditor may follow that money.
At the hearing below, only witnesses on behalf of the minor children testified. Their testimony revealed that the money used to purchase the stock came from the childrens’ savings accounts and from loans to the children. While the testimony concerning deposits made to.the childrens’ savings accounts prior to the purchase of the stock is suspect, there is nothing to indicate that it was placed there by their parents. Nor does the allegation that Joseph Harvest is primarily liable on the notes given in connection with the purchase render the certificates subject to the claim of his judgment creditor. ' There is ho allegation that either Joseph'Harvest or'his wife made any payments on these notes. In fact, the evidence shows that no payment has been made on any of the loans used to finance the purchase of the stock. In the absence of proof that the defendants have contributed to the purchase of the stock certificates there is no basis for a claim upon the property by the judgment creditor.[2]
We have concluded that the chancellor erred in finding that Joseph Harvest dealt in the stock certificates in question for his or his wife’s personal benefit and use. We have also concluded that there is no present basis upon which these certificates can be considered amenable to execution and/or attachment to satisfy the judgment against the defendants.
Accordingly, the order appealed is reversed.
Reversed.
CARROLL, Judge, dissents.

. Axtel v. Coons, 82 Fla. 158, 89 So. 419 (1921).

. Reel v. Livingston, 34 Fla. 377, 16 So. 284 (1894).