559 So.2d 1217 (1990)
Leonard P. CONTELLA, Appellant,
v.
Alice St. Onge CONTELLA, et al., Appellees.
No. 89-1419.
District Court of Appeal of Florida, Fifth District.
March 22, 1990.
Rehearing Denied April 30, 1990.
*1218 William T. Townsend, Jr., of Walton, Townsend and McLeod, Palatka, for appellant.
Andrea L. Cain and John M. Cain, of Cain and Ewald, P.A., Orlando, for appellee Alice St. Onge Contella.
No appearance for A.T. Contella Trust # 2 and Harry Tuttle, Trustee.
W. SHARP, Judge.
Contella appeals that portion of a non-final order which dissolves an irrevocable spendthrift trust and orders the appointment of a receiver and sale of the trust assets. He argues the trial court erred in terminating the trust because the record failed to establish that the legal and equitable interests of the trust had merged. We agree and reverse that portion of the order.
Contella is the life-income beneficiary under a trust established by himself and his father.[1] His children are the remainder beneficiaries, who will receive the trust principle when Contella dies. The trustee of the trust executed a "certificate" which gave Contella the authority to open brokerage and bank accounts, and to deposit, pay and transfer funds to and from such accounts on behalf of the trust. He was further authorized to handle the case and asset management of the trust and to hire legal representation. As a matter of practicality, in certain respects Contella acted as the sole trustee since its inception. However, Contella was given no power to deal with the corpus of the trust, which was composed of real property.
In order to sustain a trust entity, there must be a separation between the legal and equitable interests of the trust. Axtell v. Coons, 82 Fla. 158, 89 So. 419 (1921). If there is no separation of these interests, the doctrine of merger may apply and the trust be terminated. Axtell. But, *1219 merger applies only when the legal and equitable interests are held by one person and are coextensive and commensurate  i.e., the legal estate and the equitable estate are the same. 22 Fla.Jur.2d § 51 at 302; Horlick v. Sidley, 241 Wis. 81, 3 N.W.2d 710, 717 (1942). This may occur where, by operation of law, the entire beneficial interest passes to the trustee, or the legal title passes to a sole beneficiary. IV Scott on Trusts (4th ed.) § 341 at 524. See Harvest v. Craft Construction Corp., 187 So.2d 72 (Fla. 3d DCA), cert. denied, 189 So.2d 634 (Fla. 1966). However, in this case, Contella had no authority or power over the real property of the trust, although he had broad discretion to direct sales, investments, and distribution of income. The legal interests as to the real property were still held solely by the trustee, separate from any legal or equitable interests held by Contella. Further, Contella's children hold equitable remainder interests, which have not legally or equitably merged with their father's interests in the trust. Since Contella's legal and equitable interests in the trust were not coextensive or commensurate and did not encompass the whole trust interest, the doctrine of merger should not apply to terminate the trust.
Although the problem of jurisdiction was not raised below, we question whether the trial court had the power to order the trust terminated without having before it a guardian or other person to represent the beneficial interests of the minor beneficiaries. Sylvester v. Sylvester, 557 So.2d 599 (Fla. 4th DCA 1990) (Downey, J., concurring in part and dissenting in part). This proceeding grew out of a dissolution between Contella and his wife, Alice. We do not here determine whether Alice may successfully reach the trust assets for support purposes on other grounds.
REVERSED in part, and REMANDED.
DANIEL, C.J., and COWART, J., concur.
NOTES
[1] The trust at issue was created by Contella and his father from the trust res of a prior revocable trust, for which he and his father were trustees. No issue was raised in this case as to whether or not a spendthrift trust which would effectively shelter Contella's trust assets from his creditors (here his spouse and dependent children) could be created under such circumstances. Southeast Bank, N.A. v. Gilbert, 463 So.2d 223 (Fla. 1985); Bacardi v. White, 463 So.2d 218 (Fla. 1985); In re Stone, 500 So.2d 737 (Fla. 1st DCA 1987); Gilbert v. Gilbert, 447 So.2d 299 (Fla. 2d DCA 1984).