Gaston, Judge.
The only question in this case is, whether the deed from Alexander Frazer to Thomas Saunders passed a greater estate in the land than for the life of the do-nee. The consideration of the deed is natural affection, and it may operate as a covenant to stand seised under the statute of uses. The operative words are, “ 1 do give and grant, after the decease of my wife, two tracts of land,” (describing them,) “ to be possessed by him in feersimple after- the death of my wife, upon condition that he, the said Thomas, shall then immediately, or as soon after a reasonable time as may be, settle the same and continue on the premises during his natural life, so that the said premises shall not be sold or alienated during the life of him, the said Thomas.” Did the law permit us to indulge conjectures upon these inartificial words of limitation,'we should probably hold that the purpose of the deed was to transfer an estate to the donee and his heirs forever, subject to the condition of residence on the land,'and non-alienation thereof during his life. But we have not this licence. The law, in its solicitude to prevent uncertainty, the mother of contention and confusion, has been so precise as to prescribe in conveyances inter vivos certain words for the creation of an estate of inheritance, so appropriated that they cannot be expressed by any other words or by-any periphrasis or circumlocution. Co. Lit. 9, a. In a grant or feoffment to an individual, the word “ heirs” was by the common law necessary to make a fee or inheritance; and although before the statute of uses, an use in fee simple might have been raised without these words, because the use was guided solely by the intent of the parties, yet since that stat'ute, the word “ heirs” is held as indispensable to raise a legal fee in deeds operating under the statute, as it was in feoff-ments and grants at common law. Co. Lit. 10, a. 1 Repts. 100 b. Shelly’s case. The terms of limitation here employed are then manifestly insufficient to create an estate of inheritance. The next sentence of the deed is in these words: “ Also, I give and grant to my said nephew, Thomas Saunders, one negro fellow Ned, and one negro girl named little *483 Nelly, to him, his heirs and assigns forever.” If the limitation expressed in this sentence can be applied to all the subjects of gift contained in the deed — to the lands before attempted to be limited as well as to the negroes given in the . . ° ° sentence itself — the defective limitation of the lands would be cured thereby, and a fee-simple therein held to pass. But this cannot be done without violence to the grammatical and obvious construction of the terms employed. The clause is distinct and independent, commences with new words of donation, names new subjects of gift, and declares the extent of the interest therein granted. The limitation is .as much re. stricted to the things mentioned in the sentence, as these are subjected to the words of donation and grant with which the sentence begins. The donor had before declared, but unfortunately not with legal precision, the. nature of the interest conveyed by him in the lands — an interest subject to a specified condition. To the gift of the negroes, intended by him to be unconditional, he annexed a different limitation. We cannot transfer the limitation of the latter so as to enlarge or modify the limitation of the former.
We see no error in the judgment below, and it must be ' affirmed.
Per Curiam. Judgment affirmed.