## J. L. ALLEN v. W. BASKERVILLE.

(Decided November 1, 1898).

### *Deeds.*

A deed, previous to the Act of 1879 (*Code,* Section 1280) conveying land to certain trustees of an incorporated Academy *and their successors perpetually* does not convey a fee simple estate.

ACTION to recover land, tried before *Robinson, J.,* at October Term, 1897, of the Superior Court of WAKE County.

The plaintiff claimed title under the heirs of one James S. Purefoy.

The defendants claimed title through the appointment of certain persons (now dead) named in a deed dated January 1, 1850, from said James S. Purefoy, as trustees of the Forestville Female Academy (an unincorporated institution) and their successors.

The only point in the case is whether by the deed a fee simple passed.

His Honor instructed the jury that it did not and directed a verdict for the plaintiff.

Defendant excepted.

Verdict and judgment for plaintiff. Defendant appealed.

*Mr. W. N. Jones,* for defendant (appellant).

*Messrs. Battle & Mordecai* and *Douglass & Holding,* for plaintiff.

CLARK, J.: This conveyance was executed before the Act of 1879, now *Code*, Section 1280, and hence the word "heirs" was indispensable to convey a fee. There is no allegation that it was omitted by mistake, as was the case in *Fulbright* v. *Goder*, 113 N. C., 456. The *cestui que trust*, "The Forestville Female Academy," was not incorporated, but if the conveyance had been to the trustees named and their heirs, it may be that the incorporation could now be taken out and the courts certainly would not let the trust fail for want of trustees. New trustees could be appointed upon application. But in the absence of the word "heirs" from both the premises and *habendum*, and of the averment of its omission by mistake (*Vickers* v. *Leigh*, 104 N. C., 248) the Court could not enlarge the conveyance into a fee, either by a warranty in fee or by a covenant for quiet enjoyment. *Anderson* v. *Logan*, 105 N. C., 266; *Batchelor* v. *Whitaker*, 88 N. C., 350; *Stell* v. *Barham*, 87 N. C., 62; *Register* v. *Rowell*, 48 N. C., 312; *Buell* v. *Young*, 25 N. C., 379, *Wiggs* v. *Sanders*, 20 N. C., 480; *Roberts* v. *Forsyth*, 14 N. C., 26. In truth the words in the warranty "to the trustees aforesaid and their successors perpetually" are not sufficient as a warranty in fee. Here, neither the trustees held a conveyance in fee (as in *Holmes* v. *Holmes*, 86 N C., 205) nor did the *cestui que trust* have any corporate existence. The liberal rule laid down in *Moore* v. *Quince*, 109 N. C., 85, therefore, cannot apply. *The Code*, Sections 3665 and 3667 apply only to religious societies and not to educational institutions.

The statute of limitations has no application. The last trustee died within less than seven years before this action was brought, even if the conveyance had been color of title after such death.                    No error.