## WEALTHY BRADDY et al. v. JOHN D. ELLIOTT.

(Filed 26 February, 1908).

1. **Estates—Condition Precedent—Right of Re-entry—Reservation.**
   An agreement between plaintiffs and defendant that, in consideration of an exchange of real property, defendant was to build certain specified houses on that conveyed by him for the plaintiffs to live in, does not create an estate upon condition precedent, there being no express reservation of the right of re-entry upon failure of defendant to perform his agreement.

2. **Estates—Consideration, Failure of—Absence of Fraud—Adequate Compensation—Damages.**
   Where the plaintiffs and defendant exchanged certain lands, under an agreement and for the consideration that the latter should build for the former certain houses, which he failed to do, as specified, in the absence of fraud on defendant's part in procuring the contract, the plaintiffs are left to their remedy for damages, when they afford adequate compensation.

3. **Estates—Contracts—Consideration, Failure of—Fraud—Evidence.**
   The mere failure on defendant's part to build certain houses as a part of the consideration promised for mutual conveyances of land does not, of itself, establish such fraud as will rescind the contract, but is some evidence to be considered by the jury, in connection with other circumstances, upon the question of fraudulent intent at the time the promise was made.

4. Estates — Contracts — Consideration, Failure of — Absence of Fraud—Measure of Damages.

When, in the absence of fraud, the verdict of the jury establishes the fact that plaintiffs conveyed certain lands to defendant in consideration of a conveyance by defendant of his lands under promise to build certain specified houses thereon at a cost of $550, which he failed to do, the plaintiffs are entitled to recover $550 as a part of the purchase price, and interest thereon from the date of the deed.

5. Same—Offset—Evidence.

When it is established by the verdict of the jury that there was an interchange of real property between plaintiffs and defendant upon condition that the latter should erect certain houses on the land he conveyed at a cost of $550, and that there was a failure on defendant's part to perform this condition, evidence is inadmissible on the part of the defendant tending to show, as an offset to plaintiffs' damages, a debt due by plaintiffs to him.

6. Appeal and Error—Verdict Set Aside—Inadequate Damages—Reversible Error—Power of Court.

While it is in the discretion of the court below to set aside as inadequate a verdict of damages upon an appropriate issue, it is reversible error to entirely disregard the issue, when plaintiffs are thereunder entitled to damages.

CIVIL ACTION, brought to cancel and rescind the sale or exchange of a certain lot and lands, tried before *O. H. Allen, J.,* and a jury, at December Term, 1907, of the Superior Court of BEAUFORT County.

The court submitted these issues:

"1. Was the lot in Washington conveyed for the land in Bath Township upon condition that defendant erect on said land two dwellings and necessary outhouses, worth $550?" Answer: "Yes."

"2. Has defendant failed to erect said buildings in accordance with the terms of such exchange, as alleged?" Answer: "Yes."

"3. If so, what balance is due thereon by defendant to plaintiffs?" Answer: "$150."

After the rendition of the verdict his Honor set aside the third issue entirely, together with the findings thereon, and

rendered a judgment cancelling the deeds which had been made and granting an entire rescission of the contract of exchange and sale. From the judgment rendered the defendant appealed.

*Small, McLean & McMullan* for plaintiffs.
*Nicholson & Daniels* for defendant.

BROWN, J. The plaintiffs owned a lot in Washington, two persons named Lee owning the reversion. The parties agreed to sell to defendant for $800, taking in payment a tract of land in the country, upon which the defendant agreed to erect two dwellings suitable for plaintiffs to live in, and also the necessary and proper outhouses, which, according to the pleadings and evidence, were not to exceed $550 in cost. Under proper proceedings, the interests of a minor, as well as of the other plaintiffs, were duly conveyed to the defendant. The jury have practically found that the defendant has failed to erect the buildings in accordance with the terms of the exchange. His Honor set aside the third issue and gave judgment cancelling the contract between the parties and restoring them to their original properties.

It is contended, first, that the defendant took an estate upon condition subsequent, and, having failed to perform it, the plaintiffs have a right of re-entry and stand seized of their original estate in the town lot. This position is hardly tenable. An estate upon condition may be created by deed, but only where the terms of the instrument admit plainly of such construction. 2 Washburn (5th Ed.), 5. It is a qualification annexed to an estate whereby it is to arise or is to be defeated. Bacon Ab. Conditions, 2 Th. Co. Lit., 2. When the condition is relied upon to work a forfeiture, it must appear plainly in the deed or arise by clear implication. Construing the decree in the special proceeding and the deed from plaintiffs to defendant together as one instrument, we find none of the requisites of an estate upon condition. The re-

citals therein, that the terms of the contract are that the defendant is to convey to plaintiffs the tract of land and build thereon two dwellings and suitable outhouses as a consideration for the conveyance of the town lot, will not serve to create an estate upon condition in the defendant, in the absence of an express reservation in the deed of a right of re-entry in favor of the plaintiffs. Such recitals are only an expression of the consideration for the deed, and could only create an estate upon condition by express reservation of the right of re-entry upon failure to perform the agreement. Shep. Touchstone, 123; *Rawson v. Uxbridge,* 7 Allen (Mass.), 125; 2 Washburn, p. 5.

It is contended, secondly, that the plaintiffs are entitled, upon the findings of the first and second issues, to a rescission or cancellation of the entire transaction, and that the judgment of his Honor can be supported upon that ground. The rulings on this subject are very numerous and not at all harmonious, as few cases turn on greater niceties than those which involve the question as to whether a contract ought to be delivered up to be cancelled or whether the parties should be left to their legal remedies. In England the jurisdiction exists in all cases of fraud generally, without much regard to the adequacy or inadequacy of any legal remedy, and the courts are largely governed by the particular circumstances of each case. 6 Pom. Eq., sec. 685, note. In the absence of fraud in procuring the execution of a contract, the parties are generally left to pursue their remedy for damages for its breach, where, in the nature of the transaction, they afford adequate compensation. 6 Pom. Eq. Jur., sec. 685; 2 Beach Mod. Eq., 636. The underlying principle is the practicability or impracticability of a sufficient and adequate legal remedy. Tested by this general rule, the findings on the first and second issues do not, standing alone, warrant the decree rendered. The plaintiffs, in their complaint, allege fraud upon the part of defendant in procuring the execution of the

contract of exchange, but no issue was submitted embodying such allegation.   If the jury should find, in addition to their findings on the first and second issues, that the defendant fraudulently induced plaintiffs to agree to the exchange by falsely representing and ·pretending that he would build two suitable dwellings and necessary outhouses on the tract of land, such finding would be an ample basis for the decree can- celling the entire transaction.   The principle is clearly stated by *Mr. Justice Connor* in *Hill v. Gettys,* 135 N. C., 375: "A false and fraudulent representation or promise we understand to be one made with the intention in the mind of the promisor not to perform the promise."   Under such circumstances, equity will relieve the promisee.   If a jury should find that this defendant took advantage of the plaintiffs by making promises which he did not intend fully and faithfully to per- form, it is such fraud in law as entitles plaintiffs to cancel the contract and deeds, to recover their original property and the rents and profits of the same, together with the interest thereon.   The subsequent acts and conduct of a party may be submitted to the jury as some evidence of his original intent and purpose, when they tend to indicate it.   In the absence of such finding of fraud, and letting the first and second issues and the responses thereto stand as they are, the plaintiffs are entitled to recover as damages the balance of the purchase money, to-wit, $550, and the interest thereon, in case the de- fendant has failed to erect the two dwelling houses and neces- sary outhouses, as required by the terms of the exchange and as embodied in the special proceeding, and to have the sum awarded charged upon the town lot.

There is no evidence that the plaintiffs have ever accepted the structures placed on the land as a compliance with the terms of the exchange.   The defendant has had more than a reasonable time within which to erect the two dwelling houses and necessary outhouses called for by the contract, and if he has failed or refused to do so the plaintiffs are entitled to re-

cover the $550 due on the purchase price of their town lot, together with interest thereon from the date of their deed.

If the character of the structures is such as is testified to by some of the witnesses for the plaintiffs, and they are not fit for dwellings even when completed, they cannot be regarded as even a partial compliance with the terms of the agreement.

In excluding evidence as to personal advances made by defendant to his sister, Wealthy, his Honor did not err. Such evidence is irrelevant to any issue that arises on the pleadings.

The decree in the special proceedings by which defendant acquired the title of the minor, Edward Lee, requires the construction of both dwellings and the necessary outhouses. To permit the defendant to use any personal account he may have against his sister as a set-off or discharge of his obligation is not permissible.

While his Honor had an irreviewable discretion to set aside the finding of the third issue as inadequate, we think he erred in disregarding the issue entirely. The character of the controversy is such that it is unnecessary to disturb the first and second issues. The cause is remanded, to the end that the third issue be submitted to the jury, and, also, if desired, that the issue of fraud be submitted.

Let the costs of this Court be paid, one-half by plaintiffs and one-half by defendant, each party paying his own cost of printing.

Partial New Trial.