B. E. BATTEN v. CORPORATION COMMISSION OF NORTH
CAROLINA ET AL.

(Filed 24 September, 1930.)

**Life Estates B b—Remainderman must have good vested title in order to
bring an action for waste against life tenants.**

In an action to recover for waste against a life tenant it is required
that the remainderman have a good and not a doubtful title, and where
the plaintiff in an action therefor claims as heir at law of the grantor
who had conveyed the property to B. for life, then to B.'s children, the
title of the plaintiff depends upon the death of B. without children, and
he cannot maintain the action. C. S., 888.

APPEAL by plaintiff from *Sinclair, J.,* at February Term, 1930, of
JOHNSTON. Affirmed.

This action for the recovery of damages for waste, and for the for-
feiture of the life estate of C. I. Batten, under whom defendants claim
title to the land described in the complaint, C. S., 888, *et seq.,* was heard
on plaintiff's motion that the temporary restraining order be continued
to the final hearing and that a receiver be appointed, *pendente lite,* with
authority to take possession of the land and to collect the rents and
income therefrom.

From judgment denying the motion, dissolving the restraining order,
and declining to appoint a receiver, plaintiff appealed to the Supreme
Court.

*R. L. Ray, Sr., for plaintiff.*
*I. M. Bailey for defendant.*

CONNOR, J. Defendants are in possession of the land described in the
complaint, claiming an estate therein *per autre vie.*

This land was conveyed in 1898, by J. M. Batten and his wife to C. I.
Batten for his lifetime, and then to his children. It was not made to
appear at the hearing that C. I. Batten is dead. He has no living chil-
dren and is now 55 years of age. Plaintiff claims title to an undivided
four-fifths interest in said land, subject to the life estate of C. I.
Batten. He is one of five children of J. M. Batten; three of said chil-
dren have conveyed to plaintiff all their right, title and interest in and
to said land.

It is manifest that plaintiff's title, if any, to the remainder in said
land, after the death of C. I. Batten, is not sufficient to sustain this
action. *Hough v. Marlin,* 22 N. C., 379. In an action for the recovery
of damages for waste, committed by a life tenant, the plaintiff must
establish a good, and not a doubtful title to the remainder. The judg-
ment is
Affirmed.