DAISY W. TUCKER, Guardian of J. E. WARREN, v. GUY V. SMITH.

(Filed 1 October, 1930.)

1. **Deeds and Conveyances C c—Word "heirs" not necessary to convey fee even before 1879 if other appropriate words of inheritance were used.**

Although a deed to lands executed and delivered prior to the effective force of C. S., 991, would not pass an estate in fee simple if the deed entirely omitted the word "heirs" or other appropriate words of inheritance, a deed executed before such date to a school committee "and their successors in office in fee simple" is sufficient to pass a fee simple title to the lands conveyed therein.

2. **Same—In this case held: words used in deed were not sufficient to create trust or condition subsequent, and deed passed fee simple.**

A deed to lands to a school board in fee simple "for the use and benefit of the white children in said school district and no further" merely marks out the use and purpose of the conveyance, and does not impose a trust or condition subsequent working a reversion of the title upon condition broken.

3. **Schools and School Districts D c—School board held authorized to sell property involved in this case.**

Where property has been conveyed to the school board of a county in fee simple, and used for school purposes from the date of the conveyance until 1926, the school board is authorized by C. S., 5470, to sell the property and execute a deed therefor.

CIVIL ACTION, before *Barnhill, J.,* at May Term, 1930, of PITT.

The trial judge found the facts, which are substantially as follows: On 20 August, 1877, J. A. Pollard and wife executed a deed for a half acre of land to A. A. Tyson, A. J. Outerbridge, and J. A. Pollard, "and their successors in office for District No. 45 for the white race." The habendum clause of the deed was "to have and to hold said land with all privileges and appurtenances thereunto belonging to the said school committee, viz.: A. A. Tyson, A. J. Outerbridge and J. A. Pollard, and their successors in office in fee simple, for the use and benefit of the white children in said school district, and no further." There was also a clause of warranty. The deed was recorded 27 June, 1878. On 22 January, 1891, the said J. A. Pollard and wife conveyed a tract of land containing 40⅛ acres to J. E. Warren. Said tract of land embraced the school site of one-half acre contained in the deed of 1877. Warren, the grantee in the later deed, died in 1920, and in the division of his estate among his heirs the said tract of 40⅛ acres was assigned to the infant plaintiff, J. E. Warren. On 25 May, 1929, the heirs at law of J. A. Pollard executed and delivered a quitclaim deed for the school site to the plaintiff. The school site tract was used for school purposes until

1926, when it was abandoned as a school site and the board of education of Pitt County, by proper deed, conveyed the said site to the defendant Smith.

From the foregoing facts the trial judge was of the opinion "as a matter of law that the language of said deed is not sufficient in form or substance to impose a trust, or to limit the fee therein conveyed, or to create a condition subsequent, breach of which would cause the title to revert to the heirs of the said James A. Pollard." Whereupon, it was adjudged that the plaintiff recover nothing.

From judgment so rendered plaintiff appealed.

*S. J. Everett for plaintiff.*
*F. G. James & Son for defendant.*

BROGDEN, J. The plaintiff seeks to recover the school site tract of a half acre upon three theories, to wit:

1. That the deed made by Pollard to the school committee in 1877 did not contain the word "heirs."

2. That the words in said deed "for the use and benefit of the white children in said school district and no further" created or imposed a trust, so that when the property was abandoned as a school site, it thereupon reverted to the grantor.

3. That the board of education of Pitt County had no title to the property, and hence no authority to convey the same.

It must be conceded that prior to 1879 the word "heirs" was in certain instances held to be necessary to create a fee-simple estate. However, the decision in *Vickers v. Leigh,* 104 N. C., 248, 10 S. E., 308, declared that the trend of judicial utterances plainly indicated a disposition to relax the rigor of the common-law rule that invariably demanded the presence of the word "heirs" as a necessary requisite for the creation of an estate of inheritance by deed. Seeking to avoid the manifest idolatry of a word, the courts by a process of highly technical reasoning and bold transposition of words undertook to construe conveyances so as to effectuate the hypothetical intention of the grantor without primary regard for technical terms. This liberalizing tendency finally headed up in a statute, now known as C. S., 991, and enacted in 1879. Notwithstanding, if a deed was executed prior to 1879, entirely omitting the word "heirs," or other appropriate words of inheritance, and no equity was alleged or proven, then no estate in fee simple would pass. *Allen v. Baskerville,* 123 N. C., 126, 31 S. E., 383; *Cullens v. Cullens,* 161 N. C., 344, 77 S. E., 228.

An examination of the deed before us discloses that while the word "heirs" was not used, the words "and their successors in office in fee

simple" plainly indicate and declare that a fee-simple title was actually conveyed. Hence the first theory maintained by the plaintiff must fail.

Nor can the second theory prevail. *Church v. Young,* 130 N. C., 8; *Brittain v. Taylor,* 168 N. C., 271, 84 S. E., 280; *Blue v. Wilmington,* 186 N. C., 321, 119 S. E., 741; *Hall v. Quinn,* 190 N. C., 326, 130 S. E., 18.

Under the principles announced in the foregoing decisions, the words in the deed of 1877 "for the use and benefit of the white children in said school district and no further" merely mark out and identify the purpose of the conveyance and do not rise to the dignity of imposing a trust or condition subsequent, working a reversion of the title.

It appearing as a fact that the property had been used for school purposes from the date of the conveyance until 1926, the school board of Pitt County was authorized by C. S., 5470 to sell the property and execute a deed therefor.

We therefore hold that the judgment rendered was correct.

Affirmed.