FIRST PRESBYTERIAN CHURCH OF RALEIGH, N. C., SUCCESSOR TO THE PRESBYTERIAN CHURCH OF RALEIGH, N. C., ACTING BY AND THROUGH ITS DULY APPOINTED TRUSTEES, J. R. YOUNG, R. C. AUNSPAUGH AND HAL V. WORTH, v. SINCLAIR REFINING COMPANY.

(Filed 18 March, 1931.)

**1. Deeds and Conveyances C c—Deed not providing for reversion or re-entry will ordinarily pass fee and not defeasible fee.**

A conveyance of land to the trustees of a church organization and their successors, with *habendum* to have and hold to the use of the said church provided and upon condition that the church or congregation continue in communion with the national organization and remain subject to its authority and general control of its general assembly, it appearing that the local organization and its successors had continued in the required communion with the national organization, etc., *Held:* the provisions in the *habendum* will not ordinarily be construed as qualifying the fee or as a condition subsequent that would defeat the fee, there being no provision giving the grantors the right to reënter upon condition broken, nor any language showing an intent that the property should revert to the grantor.

**2. Landlord and Tenant B a—In this case held: lessor's title was sufficient to support lease, and the contract was valid.**

Where a church leases a part of its property by a lease contract wherein it warrants that it has the indefeasible fee to the property, and the lessee

refuses to accept the instrument on the ground that the title of the church was defeasible in that its deed contained a provision in the *habendum* that the property should remain to its use provided and on condition that it remain in communion with the national organization, *Held:* if the provision in the *habendum* be construed as qualifying the fee or as a condition subsequent, the possibility of the breach by the church is so remote that the condition should be disregarded, and the lease will be upheld, the lessee being protected therein by covenants if the fee of the church should be terminated to the damage of the lessee.

3. **Landlord and Tenant H b—Lessee is not liable for proper application of rent by trustees of lessor.**

> Where a church, acting through its duly appointed trustees, executes a valid lease of part of its lands the lessee is not required to see to the proper application of the money it pays as rent under the terms of the lease. *Denson v. Creamery Co.*, 191 N. C., 198, cited and applied.

APPEAL by defendant from *Moore, Special Judge,* at January Term, 1931, of WAKE. Affirmed.

This is a controversy without action, submitted to the court on a statement of facts agreed. C. S., 626. The agreed facts are substantially as follows:

The First Presbyterian Church of Raleigh, North Carolina, as successor in name to the Presbyterian Church of Raleigh, is now the owner of a certain lot or parcel of land situate in the city of Raleigh, Wake County, North Carolina, which is described as follows:

"Beginning at a point, the southwest corner of Dawson and Hargett streets, in the city of Raleigh, running thence with the south side of Hargett Street west one hundred and seven (107) feet to an eight (8) foot alley; thence south with the east line of said alley one hundred and five (105) feet to a stake in the southeast corner of said alley; thence east one hundred and seven (107) feet to a stake on the west side of Dawson Street; thence north with the western line of Dawson Street to the point of beginning; said premises being known as the 'Manse Property.'"

The said First Presbyterian Church of Raleigh holds title to the said lot of land, as successor in name to the Presbyterian Church of Raleigh, under a deed executed by John Devereux and his wife, Frances Devereux, dated 20 June, 1843, and duly recorded in the office of the register of deeds of Wake County, in Book No. 15, at page 563. By their said deed, the said John Devereux and his wife, Frances Devereux, conveyed the land described therein, which includes the above described lot or parcel of land, to William F. Clark, George Simpson and Jesse Brown, members and trustees of the Presbyterian Church of Raleigh, North Carolina, "to have and to hold the same with all the buildings thereon, and the appurtenances unto them, the said William F. Clark, George Simpson and Jesse Brown, members and trustees aforesaid, and

their heirs and successors to and for the sole use and benefit forever of the said Presbyterian Church or congregation whereof they are trustees and members as aforesaid, to be used as a place of residence by and for the pastor of the said church for the time being and other proper uses of the said church or congregation—provided always and upon condition nevertheless that the said Presbyterian Church or congregation of Raleigh, do and shall at all times continue (as now) in communion with the Presbyterian Church in the United States of America, subject to its proper Presbytery and Synod and other ecclesiastical officers and authorities under the ultimate and general control of the General Assembly of the said church known (as aforesaid) as the Old School General Assembly and do and shall in all things conform to the doctrine, discipline and form of government of the said Presbyterian Church in the United States under the jurisdiction of the said (Old School) General Assembly."

The Presbyterian Church of Raleigh entered into possession of the land conveyed by said deed at the date of its execution, and thereafter used the building erected thereon as a residence for its pastor until some time during the year 1877, when the name of said church was changed to the First Presbyterian Church of Raleigh, N. C. From 1877 to 1928, the First Presbyterian Church of Raleigh, N. C., used the said building and lot as the residence of its pastor. In 1928 the said church abandoned the said building and lot as a residence for its pastor, and since said abandonment has rented the same, applying the rents and income to the uses of said church. The said building and lot, by reason of changed conditions and surroundings, resulting from the development of the city of Raleigh, had become undesirable and unsuited for use as a residence for the pastor of said church.

The First Presbyterian Church of Raleigh, N. C., has at all times been in communion with the Presbyterian Church in the United States of America, or its successor, and is now in such communion. It is now and has been at all times since the execution of the deed by John Devereux and his wife, Frances Devereux, conveying the land described therein to the trustees of said church, subject to its proper Presbytery and Synod and other ecclesiastical officers and authorities, and under the ultimate and general control of the General Assembly of the said church, known as the Old School General Assembly, or its successor. It has at all times, and in all things conformed to the doctrine, discipline and form of government of the Presbyterian Church in the United States, under the jurisdiction of the said Old School General Assembly or its successor, and does now so conform.

On or about 15 August, 1930, the trustees of the First Presbyterian Church of Raleigh, under and by virtue of authority vested in them

by said church, entered into a contract with the Sinclair Refining Company, a corporation engaged in the business of operating filling stations for the sale of gasoline, kerosene and oils, by which the said church agreed to lease to the said company the lot or parcel of land above described upon the terms and conditions set out in the form of lease embodied in the statement of facts agreed. Thereafter, the trustees of said church, acting under and by virtue of authority duly vested in them, executed and tendered to the said Sinclair Refining Company a lease in writing, which in form is in full compliance with the terms and conditions of said contract. The said lease contains a clause as follows:

"Lessor (The First Presbyterian Church of Raleigh, North Carolina) warrants that it has an indefeasible title in fee simple to said demised premises, free and clear of all liens and encumbrances whatsoever, and lessor further warrants that it will place lessee (Sinclair Refining Company) in possession of said premises on the execution of this lease free from the claims of all parties in possession and third parties claiming rights in and to the use of said premises, and shall reimburse and hold lessee harmless for all damages and expenses which lessee may suffer by reason of any restrictions, encumbrances or defect in said title, and by reason of breach of the covenant or quiet enjoyment in and to the use of the demised premises during the term of this lease."

The question in difference between the parties to this controversy, which might be the subject of a civil action, is, whether on the statement of facts agreed submitted to the court, the First Presbyterian Church of Raleigh, North Carolina, is the owner in fee simple of the lot or parcel of land described in the proposed lease, and as such owner has the right to lease the same for the purposes, and on the terms and conditions set out therein.

Upon consideration of the agreed facts as set out in the statement submitted by the parties to this controversy, the court was of opinion that the First Presbyterian Church of Raleigh, N. C., is now the owner in fee simple of the lot or parcel of land described in the proposed lease, holding the same under good and indefeasible title, and has the right to lease the same for the purposes and on the terms and conditions set out therein.

From judgment in accordance with this opinion, defendant appealed to the Supreme Court.

*Barwick & Leach for plaintiff.*
*Wm. B. Jones for defendant.*

CONNOR, J. The First Presbyterian Church of Raleigh, N. C., as successor in name to the Presbyterian Church of Raleigh, is now the

owner of an estate in fee simple in the lot or parcel of land described in the proposed lease executed by the trustees of said church, and tendered by them to the Sinclair Refining Company, in compliance with the contract between said church and said company, under the deed executed by John Devereux and his wife, Frances Devereux, set out in full in the statement of facts agreed, which was submitted to the court, in accordance with the provisions of C. S., 626. The land described in said deed, which includes the lot or parcel of land described in said proposed lease, is conveyed thereby to the trustees of the Presbyterian Church of Raleigh, their heirs and successors. The question presented for decision by this appeal is whether the said fee-simple estate is qualified or defeasible by virtue of the language in the habendum clause of said deed. The court below was of opinion that said fee-simple estate is not so qualified, and is indefeasible, notwithstanding said language. In this opinion there was no error. The opinion is sustained by authoritative decisions of this Court. *Tucker v. Smith,* 199 N. C., 502, 154 S. E., 826; *Cook v. Sink,* 190 N. C., 620, 130 S. E., 714; *Shields v. Harris,* 190 N. C., 520, 130 S. E., 189; *Hall v. Quinn,* 190 N. C., 326, 130 S. E., 18, and many cases cited in the opinions therein.

The principles of law on which the decision in each of these cases rests are well settled. In *Hall v. Quinn, supra,* it is said that a clause in a deed will not be construed as a condition subsequent, which qualifies the estate conveyed thereby, and the breach of which will defeat said estate, unless the clause expresses in apt and appropriate language the intention of the parties to that effect *(Braddy v. Elliott,* 146 N. C., 578, 60 S. E., 507) and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition. Where, as in the instant case, there is no language showing an intent that the property shall revert to the grantor, his heirs or assigns, or that the grantor, his heirs or assigns shall have the right to reënter, the language used in the deed, with reference to the use by the grantee, his heirs or assigns of the property conveyed thereby, will not ordinarily be construed as qualifying the estate granted, or as imposing a condition subsequent which may result in a defeat of the estate. "Conditions subsequent are not favored by the law, and are construed strictly because they tend to destroy estates and the rigid execution of them is a species of *summum jus,* and in many cases, hardly reconcilable with conscience." 4 Kent's Com. (12 ed., 129); *Church v. Bragaw,* 144 N. C., 126, 56 S. E., 688; *Hinton v. Vinson,* 180 N. C., 393, 104 S. E., 897.

Even if the language used in the deed in the instant case, with reference to the relationship of the Presbyterian Church of Raleigh (the predecessor in name of the First Presbyterian Church of Raleigh, N. C.), to the Presbyterian Church in the United States of America, and the Old School General Assembly of said church, is construed as a condi-

tion subsequent, by the breach of which the fee-simple estate may be defeated, in view of all the facts agreed contained in the statement submitted to the court, such breach is so improbable that for the purposes of this decision, such condition subsequent should be disregarded. It is too remote to affect the title of the church to the lot or parcel of land described in the lease. In the highly improbable event of a breach of this condition, resulting in a defeat of the estate of the church in said lot or parcel of land, the lessee is protected from loss by the covenants in the lease.

It is suggested that if the lessee, the Sinclair Refining Company, is required to accept the proposed lease, it will further be required to see to the application of the rents paid by it to the church. This suggestion is not well founded. See *Denson v. Creamery Co.*, 191 N. C., 198, 131 S. E., 581.

There is no error in the judgment. It is
Affirmed.