AVA LASSITER AND HUSBAND, A. T. LASSITER; R. A. YELVINGTON, EVA
STRICKLAND AND HUSBAND, M. B. STRICKLAND; J. E. YELVING-
TON, AND BETTIE R. JOHNSON AND HUSBAND, A. M. JOHNSON, HEIRS
AT LAW OF J. W. YELVINGTON, DECEASED, v. J. E. JONES, CADMUS T.
YOUNG, AND RUFFIN BARBOUR, SELF-STYLED TRUSTEES, AND THE
WOODMEN OF THE WORLD, CAMP NO. ...........

(Filed 22 March, 1939.)

1. **Deeds § 14b—Deed in this case held to convey fee to trustees and not
   to create estate upon condition.**

   A deed conveying property to trustees and their successors in office
   and setting forth the purposes for which the property should be used
   without a clause of reverter, forfeiture, or reëntry upon condition broken,
   conveys the fee to the trustees, and the heirs at law of the grantor may
   not maintain an action for the recovery of the land upon the ground that
   it was no longer used for the purposes stipulated.

2. **Trusts § 1d—**

   Where land is conveyed to trustees and their successors for specified
   charitable purposes, the court may appoint trustees upon failure of the
   successors to the original trustees, since equity will not permit a trust to
   fail for want of a trustee, but said trustees should be appointed by the
   court upon proper application.

APPEAL by plaintiffs from *Burgwyn, Special Judge,* at January Term,
1939, of JOHNSTON. Modified and affirmed.

This is a civil action by plaintiffs against the defendants to recover
about two acres of land in Johnston County, N. C. The plaintiffs are
the children and heirs at law of J. W. Yelvington, who died intestate
in the year 1917.

The prayer of the complaint is as follows: "Wherefore, the plaintiffs
pray for judgment in their favor and against the defendants: (1) That
the defendants J. E. Jones, Cadmus T. Young and Ruffin Barbour are
not the legal Trustees for said property described in the complaint and
have no authority in connection therewith. (2) That the paper writing
executed by said defendants to the defendant Woodmen of the World is
void and of no effect and that the same be so declared and ordered sur-
rendered up and canceled as a cloud against the plaintiffs' title. (3)
For their costs in this action and for such other and further relief as
they may be entitled to, including a Restraining Order upon notice."

The controversy is over the following deed, which was duly signed and
recorded:

"STATE OF NORTH CAROLINA—JOHNSTON COUNTY.

"This deed made the 23rd day of November, 1891, by Jno. W. Yel-
vington and wife, Rebecca Yelvington, of Johnston County and State of

North Carolina, parties of the first part, to E. N. Booker, E. Robert Johnson, W. G. Parrish, Jno. W. Yelvington, and J. J. Young, Trustees of Polenta Academy of Johnston County and State of North Carolina, parties of the second part, *witnesseth:*

"That said John W. Yelvington and wife, in consideration of $100.00 to them paid by the said Trustees of said Polenta Academy, the receipt of which is hereby acknowledged, have bargained and sold and by these presents do bargain, sell and convey to the said Trustees and their successors in office that certain tract or parcel of land in Johnston County, State of North Carolina, adjoining the lands of said J. W. Yelvington, Dr. E. N. Booker, A. R. Weeks, and bounded as follows, viz.:

"Beginning on a gum in a small branch, E. R. Booker's line and runs South 70 W. 4.50 chains to the center of the Raleigh Road; thence S. 9 East 4.50 chains with the center of said road to John W. Yelvington's line; thence South 85 E. 1.60 chains to the center of the Smithfield Road; thence N. 50 East with said road 7.20 chains to the run of a small branch; thence up the run of said branch to the beginning, containing 2 acres more or less.

"The conditions of this deed are as follows: It is for the exclusive use of the Polenta Male and Female Academy; it shall be used exclusively for school purposes with the upper story of the building for the use of Freemasonry and Odd Fellowship, and occasionally preaching of any Protestant Denomination, if desired, and for no other purpose, the right and title of said cite shall remain vested in perpetuity to the above mentioned Trustees and their successors in office.

"To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the said Trustees and their successors forever, and the said J. W. Yelvington and wife covenant with said Trustees and their successors, that they are seized of said premises in fee simple, and that they will warrant and defend the said title to the sale against the claims of all persons whomsoever.

"In testimony whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"Attest:                          J. W. YELVINGTON      [SEAL]
   F. T. BOOKER.                  REBECCA YELVINGTON    [SEAL]"

It is alleged in the complaint and admitted by the answer that plaintiffs are heirs at law of John W. Yelvington, the grantor in the above deed to be construed in this controversy; that he was the last surviving trustee; that Polenta Academy ceased to exist about thirty years ago; that Polenta Masonic Lodge surrendered its charter about 15 years ago; that the Grand Lodge of Masonry never claimed any title to the prop-

erty; that the Odd Fellows have never used or claimed any interest in the property.

It was admitted in open court that the defendants were not appointed trustees by any court of competent jurisdiction, but were selected by the Masonic Lodge, which formerly met on the premises.

The court rendered the following judgment: "This cause coming on to be heard and being heard before his Honor, W. H. S. Burgwyn, upon the pleadings and exhibits, and the controversy between the parties being the construction of the deed mentioned in the complaint, and the court being of the opinion that the deed of J. W. Yelvington and wife conveyed a fee to the grantees in said deed, the court holds as a matter of law that the plaintiffs are not entitled to recover the lands conveyed by said deed: It is, therefore, considered, ordered, and adjudged that the plaintiffs recover nothing and that the action be, and the same is hereby dismissed at the costs of the plaintiffs. It further appearing to the court that the defendants J. E. Jones, C. T. Young and Ruffin Barbour, Trustees, admit in open court that they were not appointed by any court of competent jurisdiction, but were selected by the Masonic Lodge, which formerly met in the building on the lands, the court holds that the said Trustees were not properly selected and appointed; and it is ordered that the clerk of this court, within thirty days from the end of this term of court, appoint three new Trustees upon whom duties of the office shall devolve. W. H. S. Burgwyn, Judge Presiding."

The plaintiffs excepted, assigned error and appealed to the Supreme Court.

*Parker & Lee for plaintiffs.*
*Otis L. Duncan and Leon G. Stevens for defendants.*

CLARKSON, J. The questions involved: (1) Have the plaintiffs a right to maintain this action for recovery of property in dispute as heirs at law of grantor where deed does not contain clause of forfeiture or reverter? We think not. (2) Is title to trustees a fee when deed sets out that the property shall remain "vested in perpetuity to the above mentioned trustees and their successors in office"? We think so.

It will be noted that the deed says: (1) "Have bargained and sold and by these presents do bargain, sell and convey to the said trustees and their successors in office." (2) "The conditions of this deed are as follows: It is for the exclusive use of the Polenta Male and Female Academy; it shall be used exclusively for school purposes with the upper story of the building for the use of Freemasonry and Odd Fellowship, and occasionally preaching of any Protestant Denomination, if desired, and for no other purpose, the right and title of said cite shall remain

vested in perpetuity to the above mentioned Trustees and their successors in office." The *habendum:* (3) "To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the said Trustees and their successors forever."

The deed does not create an estate on condition subsequent for the reason that nowhere in the deed is there a reverter or reëntry clause. There is no language in the deed and no intention can be gathered from it that a reversionary interest exists and the grant is limited. There is no language in the deed that can be construed as a forfeit, that the property is either transferred to another or reserved by the original grantor.

We think the case of *Hall v. Quinn,* 190 N. C., 326, is decisive of this action. At pp. 328-9 it is said: "In the premises it is said that the grantors desired to establish and provide for this institution, which was a high school in the town of Kenansville, and that the Wilmington Presbytery had elected trustees by whom it was to be managed and controlled. Following the premises is the clause of conveyance to the 'trustees and their successors in trust for the Wilmington Presbytery to be used for the purposes of education.' And then the *habendum*—'to the said trustees, their successors and assigns in trust for the only use and benefit of the Wilmington Presbytery forever, and to be used for the purposes of education and for no other purposes.' The initial question relates to the quality of the estate described in this conveyance. The plaintiff contends that the deed passes to the trustees a fee simple, with the usual covenants of warranty, while the defendants contend that it conveys an estate in trust defeasible upon breach of a condition subsequent appearing upon the face of the instrument. An estate on condition expressed in the grant itself is where an estate is granted, either in fee simple or otherwise, with an express qualification annexed, whereby the estate granted shall either commence, be enlarged, or be defeated, upon performance or breach of such qualification or condition; and a condition subsequent operates upon an estate already created and vested, rendering it liable to be defeated if the condition is broken. 2 Bl., 154. 'Among the forms of expression which imply a condition in a grant,' says Washburn, 'the writers give the following: "on condition"—"provided always"—"if it shall so happen"—or "so that he, the grantee, pay, etc., within a specific time"; and grants made upon any of these terms vest a conditional estate in the grantee. And it is said other words make a condition if there be added a conclusion with a clause of reëntry, or without such clause, if they declare that, if the feoffee does or does not do such an act, his estate shall cease or be void.' Wash. Real Prop., 5 Ed., 3. The deed to the trustee contains none of these 'forms of expression'; no clause of reëntry; no forfeiture of the estate upon condition broken. *Brittain v. Taylor,* 168 N. C., 271; *Church v. Young,* 130

N. C., 8. . . . A clause in a deed will not be construed as a condition subsequent unless it expresses in apt and appropriate language the intention of the parties to this effect (*Braddy v. Elliott,* 146 N. C., 578), and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition," citing numerous authorities. *Shields v. Harris,* 190 N. C., 520; *Shannonhouse v. Wolfe,* 191 N. C., 769; *Church v. Refining Co.,* 200 N. C., 469; *University v. High Point,* 203 N. C., 558 (560).

Defendants in their brief say: "That said deed conveys a fee simple title to the said trustees and their successors in office; that if said acting trustees are not legally appointed then in that event other trustees may be legally appointed by the proper court; that these trustees will have the right to lease said premises to the Woodmen of the World or any other lodge with a reservation for the use of the building for preaching, community gatherings, etc.; that should there never be any more school conducted there, the building could be continued serviceable for preaching, lodge meetings and general community meetings. . . . In the instant case the purposes for which the land was deeded has not ceased to exist and is ready for use as lodge purposes, Protestant religious worship or any other community gatherings, regardless of any surplus stipulation appearing in said deed."

In *Shields v. Harris,* 190 N. C., 520 (524-5), *Varser, J.,* for the Court, says: "A condition subsequent with a clause of reverter does not appear in the deed recited nor does it arise by clear implication. *Braddy v. Elliott,* 146 N. C., 578. No apt words are used to indicate an intention to create a condition subsequent which will work with a forfeiture. To every good expressed condition is required an external form, that is, sufficient words to declare an intent in the party to have the estate conditional, and an internal form, that is, such matter as whereof a condition may be made. Shep. Touchstone, Vol. 1, *126 (241); *Scantlin v. Garvin,* 46 Ind., 262. The proper subject matter exists, but the instant deed does not contain the 'sufficient words.' The usual and proper technical words, such as 'provided,' 'so as,' 'on condition,' or those mentioned by Lord Coke when he says: 'Words of condition are *sub conditione, ita quod, proviso,*' or the words *'si'* or *'quod contingat'* and similar terms with the clause of forfeiture or reëntry. Coke on Littleton, 203a, 203b, 204a; *Stanley v. Colt,* 72 U. S., 119; *Hall v. Quinn, ante,* 326. Conditions subsequent which work a forfeiture divesting estates are not to be raised readily by inference or argument, for they are not favored by the law. *Hall v. Quinn, supra,*" citing a wealth of authorities.

In the judgment of the court below is the following: "It is ordered that the clerk of this court, within thirty days from the end of this term of court, appoint three new trustees upon whom duties of the office shall

devolve." There is nothing in the pleading requesting new trustees to be appointed. No doubt, under proper application, a court of equity in certain cases can appoint trustees, as a trust never fails for want of a trustee. We doubt if this power can be delegated to the clerk. No law is cited and we know of none.

The judgment of the court below is

Modified and affirmed.