OXFORD ORPHANAGE (SUCCESSOR TO OXFORD ORPHAN ASYLUM), v.
J. C. KITTRELL, MRS. LELIA (LELA) MOSS, ET AL.

(Filed 13 October, 1943.)

**1. Estates §§ 6, 9a, 9c:  Wills § 33c:  Trusts § 1d—**

Where testator devised realty to his wife and another for life, remainder to plaintiff, a charitable corporation, to have and to hold, and use and apply after paying upkeep, to its maintenance, but should plaintiff refuse this gift or devise or later reject it, then to testator's heirs, and life tenants, who are now dead, allowed the property to deteriorate very

badly and some of it burned, all without action for waste by plaintiff, who has sold and leased some of the property and contracted to sell the remainder, there is no forfeiture, abandonment, refusal or rejection of the property. The gift is not a charitable trust but is a fee simple remainder, subject to reverter upon a failure to accept or a rejection after acceptance, and plaintiff is free to sell in its discretion.

**2. Estates § 9c—**

A remainderman has a right to proceed against the life tenant for waste, but this right is optional.

**3. Abandonment § 1—**

Abandonment is the giving up of a thing absolutely, without reference to any particular person or purpose, and includes both the intention to relinquish all claim to and dominion over the property and the act by which this intention is executed. There can be no abandonment in favor of an individual or for a consideration, as such an act would be a gift or sale.

**4. Deeds § 14b: Estates § 6—**

A clause in a conveyance will not be construed as a condition subsequent unless it expresses, in apt and appropriate language, the intention of the parties to. that effect, and a mere expression of the motive inducing the grant, or a statement of the purpose for which the property is to be used, is not sufficient to create such condition.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendants, heirs at law of John R. Moss, from *Dixon, Special Judge,* at March Term, 1943, of VANCE. Affirmed.

Civil action under the Uniform Declaratory Judgment Act.

The plaintiff contracted to sell to J. C. Kittrell a certain parcel of land in Henderson, Vance County, N. C., which is a part of the devise to it in remainder under the will of John R. Moss. Kittrell refused to comply with his contract for that he was advised that under the terms of said will plaintiff could not convey a good and marketable title. Thereupon, plaintiff instituted this action against Kittrell and the heirs at law of John R. Moss for a decree construing said devise and adjudicating the respective rights of the parties in the *locus in quo* and under the contract of purchase and sale.

John R. Moss died 2 May, 1913, possessed of certain lands in Henderson, N. C. He left a last will and testament in which, after making certain specific gifts, he devised the remainder of his real estate to his wife for life with remainder to the Oxford Orphan Asylum (now Oxford Orphanage). The gift in remainder is in the following language:

"After the death of my wife and Mr. Vivian, I give, devise and bequeath all my real estate to the Oxford Orphan Asylum for the white race situate at Oxford, North Carolina, and to have and to hold and use

and apply the same in so far as it will go after paying for keeping it in repair, for the maintenance of said institution. Should it refuse this gift and devise or later reject it because it might prove unprofitable or for any other cause, then and in that event I revoke and cancel this devise to it and give, devise and bequeath said real estate to my heirs at law."

Arthur Vivian, named in the devise, has been dead for some years, and Mrs. Lelia Moss died 25 December, 1942, after the institution of this action.

At the time of the testator's death there were six buildings on the property at North Henderson and some sixteen or seventeen on the other property. Three of the buildings at North Henderson were sold by the executrix to pay debts of the estate. Fire destroyed five of the buildings on the Young Street front, and the other buildings were removed from the property because they had become untenantable and were fire hazards.

At present there are five houses on the Chestnut-Young-Gary-Peace streets property, and two small dwellings and a small store building on the North Henderson lot. All the buildings except one are old, badly deteriorated, and have small rental value.

The plaintiff at various times from 31 March, 1930, to 25 August, 1940, paid taxes, insurance, and street assessments on a part of the property in the total sum of $523.45.

On 15 October, 1917, the life tenant leased the property to one Ross for a stipulated rent and the agreement to keep the property in tenantable repair and to pay one-half of the taxes. This lease was sold to one Beck. In 1932 the life tenant brought suit against Beck for damages for waste and destruction and for breach of the condition to keep the property in tenantable repair. Plaintiff, on its own motion, became a party plaintiff to this suit. The action was terminated by a compromise agreement under which the life tenant and Beck entered into an agreement in which the life tenant leased to Beck said premises from 1 March, 1933, to 28 February, 1939, subject to termination by the prior death of the life tenant. Claim for damages was released, and Beck agreed to pay $400.00 per annum rental and taxes and street assessments for a period of six years.

On 6 March, 1930, plaintiff conveyed to Mrs. Janie Hall Perry a lot on Chestnut Street, being a part of the devise, subject to a ninety-nine year lease executed by plaintiff on the same day. On 14 January, 1943, it conveyed a part of said property to J. M. Peace, and has contracted to sell the remainder of said property.

During the existence of the life estate plaintiff made no effort to keep the buildings on said property in good repair and took no action against the life tenant for waste.

When the cause came on to be heard in the court below the parties entered into a written stipulation waiving trial by jury, agreeing upon the facts substantially as above stated, and requesting the court to render a declaratory judgment upon the pleadings in this cause and the facts agreed upon by the parties.

Thereupon, the court made certain additional findings of fact and adjudged:

"(1) That the 'Item Fifth' of the will of the late John R. Moss vested in the Oxford Orphanage a fee simple title to the property therein devised to it, subject to the life estates of Arthur Vivian and Mrs. Lelia Moss, both of whom are now dead.

"(2) That there is no restriction against alienation in said will and that the Oxford Orphanage has the right to and can convey a good fee simple title to the property devised it under 'Item Fifth' of said will.

"(3) That the conveyances heretofore made or agreed to be made by said Orphanage are in all respects authorized, ratified and confirmed, both upon the construction of the will and in the exercise of its equity jurisdiction. The proceeds of any such sales to go to the Oxford Orphanage for its use and benefit."

The defendants, heirs at law of John R. Moss, duly excepted to the judgment entered and appealed.

*Perry & Kittrell for plaintiff, appellee.*
*O. B. Moss and I. B. Watkins for defendants, appellants.*

BARNHILL, J.    While the defendants, heirs at law of John R. Moss, the testator, in their answer claim title to the *locus in quo,* they do not allege that the plaintiff refused to accept or, having accepted, later rejected the devise, so as to invoke the terms of the reverter clause.    Instead, in support of their claim, they allege that the deterioration and destruction of the buildings was due to the negligence of the life tenant and constitutes acts of waste; that the removal of structures therefrom was wrongful and unlawful; that it was the duty of the remainderman to prevent the loss and destruction of said property; and that by its negligence in failing so to do it violated the terms of the will and forfeited all interest in the property.    They pray that the Court decree that both the life tenant (who has died since the institution of this action) and the remainderman have forfeited all right, title, and interest in said property and the title thereto is now vested in them.

Hence the answer, considered in the light of allegations of waste and negligence and the prayer for a decree of forfeiture, would seem to indicate that the defendants initially relied upon the law of forfeiture for waste.

We concur in the view of the court below that appellants acquired under the will no such interest in the land as would entitle them to maintain the claim of forfeiture as thus alleged. *Browne v. Blick,* 7 N. C., 511; *Gordon v. Lowther,* 75 N. C., 194; *Latham v. Lumber Co.,* 139 N. C., 9, 51 S. E., 780; *Hybart v. Jones,* 130 N. C., 227, 41 S. E., 293; *Richardson v. Richardson,* 152 N. C., 705, 68 S. E., 217; *Batten v. Corporation Commission,* 199 N. C., 460, 154 S. E., 748.

But they now contend that the gift to plaintiff created an estate on condition expressed in the devise; that plaintiff has rejected or abandoned the gift; and that, under the reverter clause contained in the will, the title to the property now vests in the heirs at law.

For a proper determination of the question thus presented it is convenient, and perhaps essential, that we separate the gift into its two essential parts. (1) The devise is to plaintiff "to hold and use and apply the same in so far as it will go after paying for keeping it in repair, for the maintenance of said institution." This is the sum total of the gift itself. But there is a condition subsequent with a provision for reverter attached. (2) The title to the property is to revert to the heirs at law of the testator if the devisee should "refuse this gift and devise or later reject it because it might prove unprofitable or for any other cause."

Hence the provision for reverter is limited to a refusal to accept or a rejection after acceptance. Has the conduct of plaintiff been such as to call this provision into play?

That the plaintiff accepted the gift cannot be gainsaid. It is now admitted. But the defendants say that the plaintiff, by its failure to maintain the property or to take any action against the life tenant for waste, and by its conveyances and attempts to convey has abandoned the property and that such abandonment is in law a rejection. This position is equally untenable.

The plaintiff had the right to proceed against the life tenant for waste committed or permitted by her. The exercise of this right, however, was optional. It was not compelled to proceed or risk the loss of its interest in the property. That it refrained from harassing the widow of its benefactor with demands and suits for damages cannot be held for cause for forfeiture. Nor is it any evidence of abandonment or rejection of the gift in remainder.

But plaintiff's action was not altogether negative. From time to time it came to the aid of the life tenant and paid taxes on the property. It voluntarily joined in an action against a lessee for damages for breach of contract to keep in repair. It leased and conveyed parcels of the property. These were positive acts of ownership effectively refuting any intent to abandon or reject.

The former conveyances and the present offer to convey by plaintiff does not constitute an abandonment. "The word 'abandonment' has a well defined meaning in the law which does not embrace a sale or conveyance of the property. It is the giving up of a thing absolutely, without reference to any particular person or purpose, and includes both the intention to relinquish all claim to and dominion over the property and the external act by which this intention is executed, and that is, the actual relinquishment of it, so that it may be appropriated by the next comer." *Church v. Bragaw,* 144 N. C., 126, 56 S. E., 688. "There can be no such thing as abandonment in favor of a particular individual or for a consideration, as such an act would be a gift or a sale." *Richardson v. McNulty,* 24 Cal., 339; *Church v. Bragaw, supra.* "The well understood meaning in the law of the term 'abandonment' does not embrace a sale, gift, or other transfer of property." 1 C. J. S., 6. When there is a sale or gift, or a transfer in any other mode provided by law, the continuity of the possession is preserved and any intent to abandon is refuted. 1 C. J. S., 6; *Church v. Bragaw, supra;* Black's Law Dict., p. 4; 1 Words and Phrases, Permanent edition, pp. 4, 5, and 57.

The appellants further insist, however, that the gift was in trust for the use of the orphanage; that the plaintiff is, by express language, charged with the duty of "keeping it in repair"; that this creates a condition subsequent; and that the failure to keep in repair constitutes a breach of this condition, working a forfeiture.

The gift is of a fee simple estate in remainder, limited only by the provision for reverter upon a failure to accept or a rejection after acceptance. *Church v. Refining Co.,* 200 N. C., 469, 157 S. E., 438; *Hall v. Quinn,* 190 N. C., 326, 130 S. E., 18; *Lassiter v. Jones,* 215 N. C., 298, 1 S. E. (2d), 845; *Church v. Bragaw, supra; St. James v. Bagley,* 138 N. C., 384, 50 S. E., 841; *Cook v. Leggett,* 88 Ind., 211.

A clause in a conveyance will not be construed as a condition subsequent unless it expresses, in apt and appropriate language, the intention of the parties to this effect (*Braddy v. Elliott,* 146 N. C., 578, 60 S. E., 507), and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition. *Hall v. Quinn, supra; Church v. Refining Co., supra; Shields v. Harris,* 190 N. C., 520, 130 S. E., 189; *Shannonhouse v. Wolfe,* 191 N. C., 769, 133 S. E., 93; *University v. High Point,* 203 N. C., 558, 166 S. E., 511; *Tucker v. Smith,* 199 N. C., 502, 154 S. E., 826; *Lassiter v. Jones, supra; Cook v. Sink,* 190 N. C., 620, 130 S. E., 714.

"A grantor can impose conditions and can make the title conveyed dependent upon their performance. But if he does not make any condition, but simply expresses the motive which induces him to execute the

SMITH *v.* SMITH.

deed, the legal effect of the granting words cannot be controlled by the language indicating the grantor's motive." 2 Devlin on Deeds, sec. 838; *St. James v. Bagley, supra; Mauzy v. Mauzy,* 79 Va., 537.

The court below approved the sale in the exercise of its equity jurisdiction. *Johnson v. Wagner,* 219 N. C., 235, 13 S. E. (2d), 419. As the devise did not create a charitable trust and a fee simple title was conveyed, the plaintiff is free to sell in its discretion. Hence we need not discuss this phase of the judgment entered.

The judgment below is
Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.