ELI HOYT ANGE, C. C. FLEMING and ALBERT J. MARTIN, TRUSTEES OF THE JAMESVILLE CHRISTIAN CHURCH, v. L. W. ANGE.

(Filed 30 April, 1952.)

**1. Constitutional Law § 10d: Appeal and Error § 3—**

Where appellant is not the party aggrieved but the judgment operates *in rem* in affecting title to real property, the Supreme Court in the exercise of its supervisory power will take jurisdiction for the purpose of correcting an error in the judgment. Constitution, Art. IV, sec. 8.

**2. Deeds § 14b—**

Ordinarily, a clause in a deed will not be construed as a condition subsequent unless it contain language sufficient to qualify the estate conveyed and provide that in case of breach the estate will be defeated.

**3. Same—**

Conditions subsequent are not favored by the law.

**4. Same—**

Grantor conveyed land to a church by deed containing full covenants and warranties and in regular form except for the phrase at the end of the

*habendum* "for church purposes only." *Held:* The phrase simply expressed the motive which induced grantor to execute the deed and does not have the effect of limiting the estate conveyed, and the church may convey the fee simple to the property in a sale to provide funds for the erection of another church at a different locality in keeping with the growth of the congregation and changing conditions.

APPEAL by defendant from *Frizzelle, J.,* 29 January, 1952, MARTIN.

Controversy without action submitted upon an agreed statement of facts.

On 22 February, 1886, Thomas H. Burras and wife, Mary E. Burras, executed and delivered to the Trustees of the Christian Church in James-ville, North Carolina, and their successors in office, a deed to ½ acre of land in the town of Jamesville. The deed contained full covenants and warranties and was regular in form, except the last line of the *habendum* clause contained this language, "for church purposes only." This deed was properly acknowledged, probated and recorded in the Public Regis-try of Martin County.

The Church went into possession of the land under the said deed and thereon erected a wooden structure which was used in the usual way for a place of worship and for church purposes. With the passing of time, the building became dilapidated and in a bad state of repair, and with the development of the town and community and the growth of the church, the building site became unsuitable for a church and the building inade-quate for the needs of the growing congregation. In order to meet this situation and provide for the expanding usefulness of the church, another lot was acquired and a modern brick structure erected in keeping with the progress of the community and the needs of the congregation. After full deliberations and discussions, the present trustees of the church decided to sell the lot of land with the old building and negotiated a sale of the same to the defendant for the price of $2,000.00, which sum is to be used as a part of the payment upon the new church building. When a deed conveying a fee simple title was prepared and tendered to the de-fendant, he declined to accept the deed and pay the purchase price on the ground that the trustees of the church are unable to convey an indefeasi-ble title because of the provision in the *habendum* clause in the deed under which the church acquired title to the property.

The matter was then submitted upon an agreed statement of facts as a controversy without action to the judge holding courts of the Second Judicial District. Pursuant thereto a judgment was entered holding and adjudging that the defendant is not required to accept the deed tendered. From this judgment the defendant excepted and appealed to the Supreme Court, assigning error.

*Peel & Peel for plaintiffs, appellees.*
*Chas. H. Manning for defendant, appellant.*

VALENTINE, J.   It will be noted at the outset that the judgment rendered was in favor of the defendant and did not adversely affect any substantial right of his.   Therefore, he was not the proper party to appeal from the judgment. Hence, the appeal is subject to dismissal. Even so, the proceeding is *in rem* and the judgment entered in the court below vitally affects the title to real property.   For that reason we take jurisdiction for the purpose of correcting the error in the judgment.   This we may do in the exercise of our supervisory power.   N. C. Const., Art. IV, sec. 8 ; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663.

The only question posed by this appeal is : Do the words "for church purposes only" appearing at the conclusion of the *habendum* clause have the effect of reducing the estate from an indefeasible title to some lesser estate ?   It will be noted that there is no language which provides for a reversion of the property to the grantors or any other person in case it ceases to be used as church property.

Ordinarily a clause in a deed will not be construed as a condition subsequent, unless it contains language sufficient to qualify the estate conveyed and provides that in case of a breach the estate will be defeated, and this must appear in appropriate language sufficiently clear to indicate that this was the intent of the parties.   *Braddy v. Elliott,* 146 N.C. 578, 60 S.E. 507.

"A clause in a conveyance will not be construed as a condition subsequent unless it expresses, in apt and appropriate language, the intention of the parties to this effect (*Braddy v. Elliott,* 146 N.C. 578, 60 S.E. 507), and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition.   *Hall v. Quinn, supra* (190 N.C. 326, 130 S.E. 18) ; *Church v. Refining Co., supra* (200 N.C. 469, 157 S.E. 438) ; *Shields v. Harris,* 190 N.C. 520, 130 S.E. 189 ; *Shannonhouse v. Wolfe,* 191 N.C. 769, 133 S.E. 93 ; *University v. High Point,* 203 N.C. 558, 166 S.E. 511 ; *Tucker v. Smith;* 199 N.C. 502, 154 S.E. 826 ; *Lassiter v. Jones, supra* (215 N.C. 298, 1 S.E. 2d 845) ; *Cook v. Sink,* 190 N.C. 620, 130 S.E. 714.

" 'A grantor can impose conditions and can make the title conveyed dependent upon their performance.   But if he does not make any condition, but simply expresses the motive which induces him to execute the deed, the legal effect of the granting words cannot be controlled by the language indicating the grantor's motive.'   2 Devlin on Deeds, sec. 838 ; *St. James v. Bagley, supra* (138 N.C. 384, 50 S.E. 841) ; *Mauzy v. Mauzy,* 79 Va. 537."   *Oxford Orphanage v. Kittrell,* 223 N.C. 427, 27 S.E. 2d 133 ; *Shaw University v. Ins. Co.,* 230 N.C. 526, 53 S.E. 2d 656.

Rigid execution of conditions subsequent are not favored by the law and are strictly construed because they tend toward the destruction of estates and in many instances are not reconcilable with good conscience. *Hinton v. Vinson,* 180 N.C. 393, 104 S.E. 897; *Church v. Refining Co., supra.*

It is clear from a fair interpretation of the entire deed under which the church took title to the property that the grantors intended by the last line of the *habendum* clause only to express their motive in deeding the property to the church. Upon the authorities herein cited, we reach the conclusion and so hold that the Christian Church of Jamesville acquired an indefeasible title to the property in question and has a right to convey the same in fee simple. It follows, therefore, that the judgment below must be

Reversed.