PER CURIAM.
This is an appeal from an order entered by the Circuit Court of Dade County in which the second count of a Second Amended Petition of the appellant *690 was dismissed with prejudice. The issues presented are predicated on a complex set of factual and procedural circumstances, those pertinent hereto being as follows.
The appellant’s uncle, Fleming G. Railey, deceased, was the settlor of a certain set of trusts established by his will. The appellant, by this action, has sought to remove certain of the trustees of those trusts. The allegations which formed the grounds for such removal were contained in his Second Amended Petition. The trial court predicated its dismissal of that petition upon three reasons, each of which we shall now examine separately. An order of the trial court, while not stating the grounds for dismissal, was entered upon the ap-pellee’s Motion To Dismiss the second count for failure to state a cause of action. Count II (which incorporates the allegations of Count I) need not be set forth in complete detail here; however, suffice it to say that we have examined the allegations contained therein, and find them to be sufficient to state a cause of action for the removal of the trustees. Broadly speaking, Count II relates to certain wrongful and coercive activities alleged to have been carried on by the trustees.[1] These allegations certainly present a charge of failure by the trustees to comply with that standard of good faith which is universally applied to fiduciary officers administering trusts. See 54 Am.Jur. Trusts § 311.
Also contained in the appellee’s Motion To Dismiss Count II of the Second Amended Petition is the defense that the Second Amended Petition is defective for failure to comply with F.R.C.P. 1.130(a), 30 F.S.A., in that the Petition failed to identify or attach a copy of a certain proposed agreement, supra, note 1, which the appellant contends is representative of a breach of fiduciary responsibility. However, Rule 1.130(a) does not relate to the proposed agreement because that rule of pleading, by its very words, is meant to include those documents upon which an action is being brought. Here, the proposed agreement is material as evidence of the alleged abuse of fiduciary power; the document upon which the cause of action is premised is the trust instrument itself. Thus, the Second Amended Petition was not defective with regard to F.R.C.P. 1.130(a).
As a third means of attack on the court’s order, appellant has raised the issue of whether the court abused its discretion by dismissing with prejudice.
Although this point becomes moot with regard to Count II of the Second Amended Petition, when viewed with our holding as to the validity of the cause of action stated in Count II, supra, it is nevertheless important for another reason. The record shows that the court entered two separate orders, both dated May 13, 1968, one directed to Count II of the Second_ Amended Petition, and the other dismissing the entire cause with prejudice. The appellant did not directly raise issue as to the court’s disposition of Count I of the Second Amended Petition, but since the appellant did question the propriety of that order dismissing the entire cause, we may *691 therefore rule on the validity of Count 1.[2] Count I is hereby held to state a valid cause of action, requiring the court to construe a certain provision of the trust instrument, and rule on the disbursements of assets in connection therewith.
Finally, appellant has asked that we determine whether his beneficial position in relation to the trust gives him standing to maintain this action for removal of the trustees. The right to maintain an action for removal of trustees is vested by statute, § 737.18 Fla.Stat., F.S.A. Whether appellant is a beneficiary within the statutory meaning depends on the nature of his interest in the trust. His particular beneficial interest arises under a provision in the trust[3] which names those specific remaindermen entitled to share in the disposition of that trust’s principal upon the death of the presently vested beneficiary. (There is a further provision for per stripes distribution in the event of the death of any of these remaindermen.) In addition, § 737.01 Fla.Stat., F.S.A., provides that the word, “beneficiary”, shall mean any person having any interest, vested or contingent, in a trust fund. Thus, the appellant clearly appears to have demonstrated sufficient interest to comply with § 737.18, supra, and thereby has standing to bring this action for removal of the trustees.
Based upon the foregoing reasons, therefore, the order being appealed is hereby reversed.

. The Amended Petition and the Second Amended Petition assert that the trustees proposed an agreement which would permit them to protect the principal of one of the testamentary trusts at the expense of a second testamentary trust, under which the appellant was a vested remainderman. It is further alleged that this proposed agreement was for the trustees’ own personal benefit; moreover, it is charged that when the appellant rejected the proposed agreement, the trustees terminated trust assistance to a presently vested beneficiary in order to bring familial pressure to bear upon the appellant and coerce him into accepting the proposed agreement. The foregoing termination of trust assistance to the third family member is alleged to be a breach of the trustees’ duty to act in good faith in the exercise of their discretionary powers with regard to that beneficiary. These charges state a cause of action because absolute, unbridled discretion is forbidden in the trustee-beneficiary relationship. Axtell v. Coons, 82 Fla. 158, 89 So. 419; 54 Am.Jur. Trusts § 180.

. “WHEREFORE, your Petitioner prays that the Court construe the pertinent portions of the Last Will and Testament of FLEMING G. RAILEY, deceased and particularly Article V, incorporating by reference paragraphs (2) and (4) of Article IY, to the effect that distributions of income of the FLEMING G. RAILEY TRUST to or on behalf of the decedent’s surviving brothers and sister are not restricted to instances where the surviving brothers or sister is ‘virtually destitute’ and determine that the decedent’s surviving brothers and sister are entitled to financial assistance from the FLEMING G. RAILEY TRUST where such assistance would reasonably be required to assure their comfortable support and maintenance or to meet emergency or extraordinary expenses including medical expenses where they cannot themselves meet these expenses without undue hardship and that the Court grant to your Petitioner an allowance to be paid out of the assets of the FLEMING G. RAILEY TRUST for the costs and reasonable attorneys’ fees incurred by the Petitioner in these proceedings.”

. Article 5 of the trust instrument devised a part of the settlor’s residuary estate to the trust and provided that during the life of the settlor’s wife, the trustees are to pay to her or to apply to her use so much of the net income as the trustees deem advisable in order to provide for her comfortable support, etc., “ * * * and upon the death of my said wife, or in the event that she does not survive me, then at my death my trustees shall distribute the then remaining principal of the trust to my following named nieces and nephews, equally: * * * Lilborn R. Railey * * * ”