MANN, Chief Judge.
“The most fundamental duty owed by the trustee to the beneficiaries of the trust is the duty of loyalty.” 2 Scott, Trusts (3d ed) § 170.
Carl Robert Wickman died in 1960. His widow and attorney were named executors of his will and trustees of a testamentary trust. The will left one-third of the estate to the widow and two-thirds to the trust, the widow being entitled to the trust income for life, and the sons to the remainder.
In 1963 the trustees qualified. In 1964 the probate estate was closed and the assets distributed. In 1969 the court, on its own motion, ordered the trustees to file an accounting, their first. When it was filed, the sons filed objections, alleging failure to file accountings, improper valuation of assets and failure to account for all of the assets of the corpus of the trust. They sought disapproval of the trustees’ account, denial of compensation and removal as trustees.
Proffered testimony — not at this stage to be considered proven fact — will explain the sons’ complaints. They assert that the executors distributed assets on the basis of the original probate inventory valuation. They distributed to Elizabeth McGraw, formerly Elizabeth Wickman, as her share, those assets which were, at the time of distribution, grossly undervalued and which were worth substantially more than their value stated in the inventory. Included are: (1) a 20% interest in an orange grove, inventoried at $49,000, which was distributed in kind to Mrs. McGraw in 1961 and shortly thereafter sold for $115,261, although the final probate accounting in 1964 showed her as receiving an asset worth $49,000; (2) the sloop Cal-usa, inventoried at $8,000 but said to be worth at least $22,500; (3) half interest in Bo-Wick Corporation, inventoried at $2,045 and said to be worth at least $12,500; (4) a personal note of C. E. Morgan, Jr., valued as of the time of the elder Wickman’s death at $1,000, said ultimately to be worth its face amount of $4,000; (5) other property not accounted for.
On the other hand, the sons claim that the assets transferred to the trust at their original estate inventory value included: (1) Receivable from Southern Dunes Co. valued at $12,021, but worthless when distributed; (2) Southern Dunes lots, valued at $10,000, but worth no more than $2,500; (3) Bald Point Properties inventoried at $20,000, worth $16,000; (4) Gulf Terraces, Inc., receivable, inventoried at $4,862 but worthless; (5) Cyril Bayly receivable, valued at $2,537, but worthless; (6) Clear-water Yacht Club 50% Improvement Notes, valued at $700, but worthless; (7) the Bauknight tract, valued at $9,500, worth no more than $5,500; (8) other assets valued at $101,734, but of dubious value now, and in any event much less than the ascribed value.
In the typical case in which all parties are sui juris, the final probate accounting may be conclusive of the valuation of assets. For example, in Carr v. Bank of America National Trust & Savings Association,[1] interests of minors were involved but were settled in the probate proceeding after a full hearing at which their interests were protected. An annotation following the Carr case at 116 A.L.R. 1290 discusses the problem. If in this case a full disclosure and adequate representation of the minor’s interest had "been made and no self-dealing had appeared, we *790 would think these authorities persuasive, but this case is different.[2]
The beneficiaries were minors at the time the trust was established. A guardian ad litem was appointed, but apparently did not question the valuations. His compensation was $100, indicative of a minimum effort involved in checking the documents for their facial regularity. Consider the applicability of Restatement, Judgments § 123:
“EQUITABLE RELIEF TO PERSON UNDER INCAPACITY.
Subject to general equitable considerations (see §§ 127-130), equitable relief from a valid judgment will be granted to a party to the action injrtred thereby if there was no fair trial because he was subject to an incapacity and was so poorly represented that there was no substantial presentation of his case, and if the judgment was obtained
(a) in an action between him and his fiduciary, or
(b) by a person who knew that his claim or defense was groundless.”
If the relief sought were the avoidance of the order of distribution, it would have been appropriate to require that the beneficiaries seek to void the order of discharge in the county judge’s court.[3] (Since that court’s probate functions were transferred to the circuit court, the same restriction would no longer obtain.)
These appellants are not seeking to recover specific property. They are seeking to bring trustees to' account, and they have every right to. Loyalty is the fundamental duty of a trustee. Restatement 2d, Trusts, § 170 sums up the law:
“Duty of Loyalty
(1) The trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary.
(2) The trustee in dealing with the beneficiary on the trustee’s own account is under a duty to the beneficiary to deal fairly with him and to communicate to him all material facts in connection with the transaction which the trustee knows or should know.”
What these beneficiaries are entitled to is a trust corpus worth two-thirds of the residual estate at the time of distribution,[4] The ascription of values as of the date of testator’s death some three years earlier is part of the problem, assuming that the values as of that date were correct, an assumption by no means clear on this record.
The testator’s provision that “The values which my trustees or executors may place upon any property so allotted, provided, and distributed shall be final and conclusive upon all persons having any interest therein” is not conclusive either. Such a clause has the effect of establishing a presumptive validity to those values, but does not absolve the trustees of their obligation to act in good faith and with fidelity to the trust.[5] If Wickman had intended to give his widow a power of appointment he could have done so. Instead he created a trust.
*791 The beneficiaries are entitled to adduce evidence which would prove their right to the relief sought. Should they- desire to go behind the order closing the probate estate, the amendment of Article V of our Constitution, F.S.A., makes the Circuit Court an appropriate forum, but the record before us shows their contentment with an order holding these trustees to account for breach of fiduciary responsibility, making restitution from their own funds if need be, and leaving title to assets distributed as ordered by the probate court. If they can prove what they have proffered, they are entitled to relief.[6]
Reversed and remanded.
McNULTY and GRIMES, JJ., concur.

. 11 Cal.2d 366, 79 P.2d 1096, 116 A.L.R. 1282 (1938).

.In fairness to the guardian ad litem, while the petition for qualification of trustee included a copy of the proposed distribution of assets of the estate and the purported values thereof, the petition was not directed to a determination of which assets should go into the trust and the question of valuation was not passed upon in the order which qualified the trustees.

. See, Waters v. Stickney, 12 Allen, 1, 90 Am.Dec. 122 (Mass.1866).

. See, e. g., In re Gauff’s Estate, 27 Misc.2d 407, 211 N.Y.S.2d 583 (Sur.Ct.1960); In re Bloomingdale’s Estate, 171 Misc. 31, 11 N.Y.S.2d 808 (Sur.Ct.1938).

. See generally, 54 Am.Jur.Trusts § 311; See also, Ball v. Hopkins, 268 Mass. 260, 167 N.E. 338 (1929).

. Railey v. Skaggs, 220 So.2d 689 (Fla.App.3d 1969); Goldberg v. Goldberg, 217 Cal.App.2d 623, 32 Cal.Rptr. 93 (Cal.App.2d 1963); Becker v. Becker, 56 Wis.2d 356, 202 N.W.2d 681 (1972).